UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 04-80090-CIV-COHN/SNOW

BRECKENRIDGE PHARMACEUTICAL,
INC., a Florida corporation,

     Plaintiff,

v.

METABOLITE LABORATORIES, INC.,
a Colorado corporation, and PAMLAB, L.L.C.,
a Louisiana limited liability company,

     Defendants.

————————————————————/

**NIGHT BOX
FILED**

JUN 2 8 2004

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## BRECKENRIDGE'S MOTION TO STRIKE PAMLAB'S OBJECTIONS TO DISCOVERY RESPONSES AND TO COMPEL RESPONSES WITH INCORPORATED MEMORANDUM OF LAW[1]

   Plaintiff, Breckenridge Pharmaceutical, Inc., by and through its undersigned counsel, pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure and Southern District of Florida Local Rule 26.1.H., requests that this Honorable Court enter an order striking Pamlab, L.L.C.'s ("Pamlab") objections to certain requests for production and interrogatories propounded on it by Breckenridge and to compel answers to same.

### PRELIMINARY STATEMENT

   Breckenridge filed a four count Complaint against Pamlab, L.L.C. ("Pamlab") and Metabolite Laboratories, Inc. ("Metabolite") for Declaratory Judgment in connection with patent infringement. (Count I), Tortious Interference with a Business Relationship (Count II), Unfair Competition (Count III), and Preliminary and Permanent Injunction (Count IV). Defendant Metabolite filed a motion to dismiss for lack of personal jurisdiction [DE #12] and

---

[1] On June 23, the Court entered an Order granting Breckenridge's Motion to exceed the page limit relating to this Motion.

Defendant Pamlab filed a motion for extension of time to answer the Complaint until 10 days after this Court decides Metabolite's motion to dismiss [DE #11] which was granted by this Court [DE #13].

On May 4, 2004, this Court entered an Order providing Breckenridge until June 4, 2004 "to complete its discovery related to Defendants Metabolite's claim that this Court does not have personal jurisdiction." [DE #24]. The Order did not limit the discovery of Metabolite's claim of lack of personal jurisdiction to only Metabolite.

Breckenridge served its request for production of documents (consisting of 22 document requests) and first set of interrogatories (consisting of 18 interrogatories) upon Pamlab on May 7, 2004 and May 10, 2004, respectively. These discovery requests were specifically related to Metabolite's claim of lack of personal jurisdiction.

Pamlab has thwarted Breckenridge obtaining discovery related to Metabolite's claim of lack of jurisdiction. In this regard, Pamlab responded to the written discovery propounded to it by Breckenridge, but its response was, for the most part – as set forth below, that it is not going to provide the requested information. In addition, Pamlab did not appear for its timely noticed Rule 30(b)(6) deposition on June 4, 2004 which is the subject of Breckenridge's response in opposition to Pamlab's motion for protective order [DE #36] presently pending before this Court. Breckenridge has incurred unnecessary legal expenses as a result of Pamlab's bad faith actions.

On June 11, 2004, Breckenridge served a motion requesting an extension of time to respond to Metabolite's motion to dismiss until it has had an opportunity to take the Rule 30(b)(6) deposition of Pamlab [DE #35]. The Court granted Breckenridge's motion in part by

ordering that Breckenridge shall have until July 30, 2004 to respond to Metabolite's motion to dismiss [DE #37].

Breckenridge attempted to speak with Pamlab's counsel on more than one occasion regarding the subject of this Motion in an effort to work out this dispute without the need for court intervention, but Pamlab's counsel was not willing to do so. On June 11, 2004, Breckenridge sent a letter to Pamlab's counsel again requesting a conversation to discuss this matter to which Pamlab's counsel never responded, a copy of which is attached hereto as Exhibit "A". Breckenridge respectfully requests that this Court grant this Motion in its entirety and require Pamlab to provide the requested information and documents to Breckenridge within seven (7) days of this Court's Order.

<u>**SUMMARY OF ARGUMENT**</u>

Contrary to Pamlab's objections, the discovery requested by Breckenridge from Pamlab is within the scope of this Court's May 4th Order and Federal Circuit law establishes that the discovery requested is relevant because the relationship between Metabolite and Pamlab is critical with regard to whether the Court has personal jurisdiction over Metabolite. Thus, Breckenridge's desire to obtain the information it is requesting of Pamlab is necessary and not frivolous as Pamlab implies it is. Breckenridge believes that the discovery is being resisted by Pamlab because it will bring Metabolite within the jurisdiction of this Court.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move to compel answers to discovery requests if the answers or production are incomplete. *Fergis & Selck Architects, P.A. v. Suzy Edl Interiors*, Case No. 2:02-cv-445-FtM-29SPC LEXIS 23787 (M.D. Fla. 2003). Moreover, a party resisting discovery in district court must demonstrate that such resistance was substantially justified. *Devaney v. Continental Insurance Company*, 989

3

F.2d 1154, 1159 (11th Cir. 1993); *Pierce, Secretary of HUD v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490, 504 (1988); Fed. R. Civ. P. 37(a)(4).

**POINT I**

**THIS COURT SHOULD STRIKE PAMLAB'S OBJECTIONS TO BRECKENRIDGE'S REQUESTS FOR PRODUCTION AND REQUIRE PAMLAB TO PRODUCE THE REQUESTED DOCUMENTS**

Under binding Federal Circuit precedent, the relationship between Metabolite and Pamlab is critical to being able to establish that this Court has personal jurisdiction over Metabolite. In order to establish personal jurisdiction, Breckenridge needs to obtain information relating to the nature and extent of the relationship between Pamlab and Metabolite. Despite Breckenridge's need to obtain this information in order to prove Metabolite is subject to personal jurisdiction in Florida, Pamlab has emphatically refused to remit necessary documents and information despite an Order from this Court instructing it to do so. The following requests for production are the subject of this Motion.

**BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 1:**

> Any and all documents prepared, written, or authored by you to any individual or entity in the State of Florida.

**PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

> Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab's contacts with the State of Florida are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite.

4

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 1:

Pamlab's objections to this Request for Production are baseless and just another attempt by Pamlab to thwart Breckenridge from obtaining relevant documents that will establish that this Court has personal jurisdiction over Metabolite. Breckenridge specifically objects to the objections asserted by Pamlab in its response to this Request for Production on the basis that the Court's May 4, 2004 Order does not limit discovery on Metabolite's claim that this Court lacks jurisdiction over it to only Metabolite. Additionally, contrary to Pamlab's assertions, Federal Circuit law establishes that this request is relevant because the relationship between Metabolite (patent owner) and Pamlab (exclusive licensee) is critical with regard to whether the Court has jurisdiction over Metabolite. *See, e.g., Genetic Implant Systems v. Core-Vent Corp.*, 123 F. 3d 1455, 1458-59 (Fed. Cir. 1997)(analyzing the relationship between a patent owner and an exclusive distributor to determine whether the court had personal jurisdiction over the patent owner). Further, Breckenridge believes that Pamlab acts as an agent for Metabolite and, therefore, this Court has jurisdiction over Metabolite by virtue of Pamlab's actions. *See Administrators of the Tulane Educational Fund v. Debio Holding S.A.*, 2000 U.S. Dist. Lexis 9349, *9 (E.D. La. 2000)(holding that the actions of an agent are attributable to a nonresident principle for purposes of establishing personal jurisdiction). Further, Breckenridge believes that, having a licensing agreement between Pamlab and Metabolite, that Metabolite and Pamlab are making joint efforts to maximize the sale of FOLTX. See sample marketing letter attached hereto as Exhibit "B" which shows that Metabolite and Pamlab are jointly marketing FOLTX. It is routinely held that whenever one co-venturer acts in the forum to further the interests of the venture, its contacts with the forum will be attributed to the co-venturers. *Id.* at *12 (*citing Nolan v. Boeing Company*, 736 F. Supp, 120, 127 (E.D. La. 1990)); *see Itel Containers Intern.*

*v. Atlanttrafik Exp. Serv.*, 116 F.R.D. 477 (S.D.N.Y. 1987).   Thus, when the activities of one co-venturer in the forum are sufficient to sustain the exercise of personal jurisdiction, jurisdiction will attach as to all the participants in the venture.   *Nolan,* 736 F.Supp. at 127 (*citing Aiger v. Bell Helicopters, Inc.*, 86 F.R.D. 532, 540 (N.D. Ill. 1980)).   In Florida, contracts creating joint ventures must show the following:  (1) a community of interest in the performance of the common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses that may be sustained.  *McKissick v. Bilger*, 480 So.2d 211, 212 (Fla. 1st DCA, 1985). Breckenridge is entitled to any documents that could be used as evidence to prove any of these elements.  *See Administrators of the Tulane Educational Fund*, 2000 U.S. Dist. Lexis 9349 at *12-16 (holding that in discovery to establish personal jurisdiction over the defendant, plaintiff suing the holder of a license to market pharmaceutical compounds is entitled to discovery of defendants' contacts including license, sub-license, and agency agreements; contracts and co-venture agreements; and royalty payments).

Breckenridge is entitled to the requested to prove that Metabolite and Pamlab have an agency, licensor/licensee, and/or joint venture relationship, thereby subjecting Metabolite to the personal jurisdiction of this Court.   These documents may show the cooperation and joint efforts of Pamlab and Metabolite.  Breckenridge should not be denied the opportunity to review the documents responsive to this request for evidence to support the fact that this Court has personal jurisdiction over Metabolite.   Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

**BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 2:**

> Any and all contracts or agreements between you and any individual or entity in the State of Florida.

## PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab's contacts with the State of Florida are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 2:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, Breckenridge is willing to narrow this Request for Production to contracts or agreements between Pamlab and any individual or entity in the State of Florida that concerns, relates to, or references Metabolite, the '224 patent, and/or the '873 patent. Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

## REQUEST FOR PRODUCTION NO. 3:

Any and all documents between you and any individual or entity in the State of Florida.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab's contacts with the State of Florida are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite.

**BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 3:**

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, Breckenridge is willing to narrow this Request for Production to documents between Pamlab and any individual or entity in the State of Florida concerning, relating to, or referencing Metabolite, the '224 patent, and/or the '873 patent. Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

**REQUEST FOR PRODUCTION NO. 4:**

> Any and all contracts or agreements or license agreements between you and Defendant Metabolite.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

> Pamlab objects to this Request as overbroad because contracts or agreements between Metabolite and Pamlab are not relevant to the limited question of whether the Court has personal jurisdiction over Metabolite. Subject to its general and specific objections, Pamlab will produce any responsive, non-privileged documents in its possession, to the extent that such documents exist and to the extent that such documents are not produced by Metabolite.

**BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 4:**

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. To the extent that there are any documents other than the exclusive license agreement between Metabolite and Pamlab, Breckenridge should be allowed to obtain a copy of same. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the

requested documents expeditiously.

### BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 5:

> Any and all documents between you and Defendant Metabolite concerning the sale, promotion and/or distribution of FOLTX.

### PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

> Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite, The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. FOLTX is a product marketed by Pamlab, not Metabolite. Information relating to the sale, promotion, and/or distribution of FOLTX is therefore not relevant to the limited question of whether the Court has personal jurisdiction over Metabolite.

### BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 5:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, documents between Pamlab and Metabolite concerning the sale, promotion and/or distribution of FOLTX are relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Contrary to Pamlab's representations that Metabolite does not market FOLTX, evidence already produced in this matter shows otherwise. See example of marketing letter distributed by Metabolite attached hereto as Exhibit "B". Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

**BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 6:**

> Any and all documents concerning the sale, promotion and/or distribution by you or through you of FOLTX in the State of Florida.

**PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

> Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab's contacts with the State of Florida are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite.

**BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 6:**

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, documents concerning the sale, promotion and/or distribution by Pamlab or through Pamlab of FOLTX in the State of Florida are relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

**BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 8:**

> Any and all documents concerning monies paid by you to Defendant Metabolite from the sale and/or distribution of any product in the State of Florida.

**PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

> Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab objects to this Request to the extent that it incorrectly suggests that Metabolite sells or distributes FOLTX in the State of Florida. Pamlab, not Metabolite, markets FOLTX. Pamlab further objects to this Request as overbroad because it contains no time limits. Subject to its general and specific objections, Pamlab states as follows: Pursuant to a license agreement, Pamlab is obligated to pay royalties to Metabolite for sales of certain products marketed by Pamlab, if Pamlab chooses to make such sales. The license agreement does not obligate Pamlab to make any such sales. Any royalty reports generated in connection with the Metabolite/Pamlab license agreement do not divide sales by any geographic territory and thus do not expressly identify any sales that Pamlab may or may not have made in Florida. In any event, such sales by Pamlab are not relevant to whether this Court has personal jurisdiction over an entirely separate defendant, Metabolite.

**BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 8:**

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, documents concerning monies paid by Pamlab to Metabolite from the sale and/or distribution of any product in the State of Florida are relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Breckenridge is entitled to obtain a copy of the royalty report and the back-up information to determine the portion of Metabolite's royalties that are attributable to sales in Florida. Breckenridge is willing to limit the scope of this request to

January 2000 through present. Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

## BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 9:

> Any and all brochures, written materials, journal articles, and/or marketing materials that you have distributed in the State of Florida concerning FOLTX or any other product that involves Defendant, Metabolite.

## PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

> Pamlab objects to this Request to the extent that it incorrectly suggests that Metabolite is "involved" with FOLTX. Pamlab, not Metabolite, markets FOLTX. Pamlab further objects that "involves" is vague, Pamlab further objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab's contacts with the State of Florida, including Pamlab's distribution of marketing materials in Florida, are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite. Pamlab further objects to the unduly burdensome nature of this Request.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 9:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, brochures, written materials, journal articles, and/or marketing materials that Pamlab has distributed in the State of Florida concerning FOLTX or any other product that involves Metabolite is relevant in establishing the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder).

Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

### BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 12:

> Any and all documents concerning the duties and obligations that you have to Defendant Metabolite.

### PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

> Pamlab objects that the phrase "duties and obligations" is vague. Pamlab further objects that this Request overbroadly seeks materials not relevant to Metabolite's contacts with the State of Florida. Subject to its general mid specific objections, Pamlab will produce its license agreement with Metabolite and its confidentiality agreement with Metabolite, to the extent that those two documents are not produced by Metabolite.

### BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 12:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, documents concerning the duties and obligations that Pamlab has to Metabolite are relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

### BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 13:

> Any and all documents concerning any licensing agreement between you and Defendant Metabolite or any other party relating to the '224 and/or '873 patents.

**PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

> Pamlab objects to this Request to the extent that it seeks discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. This Request is overbroad to the extent that it demands information related to licensing that is unconnected to Metabolite's contacts with the State of Florida. This Request is also overbroad to the extent that it seeks documents relating to any theoretical license agreement between Pamlab and some third party besides Metabolite. Such documents are not relevant to the limited personal jurisdiction issue.

**BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 13:**

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, documents concerning the licensing between Pamlab and Metabolite or any other party relating to the '224 and/or '873 patents are relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

**BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 14:**

> Any and all reports and documents you have sent to Defendant Metabolite concerning the sale of FOLTX including, but not limited to, the number, amount and geographic distribution of sales of FOLTX.

**PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

> Pamlab objects to this Request to the extent that it seeks discovery on matters beyond the scope of the Court's May 4,

2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. This Request is overbroad to the extent that it demands information related to FOLTX sales that are unconnected to Metabolite's contacts with the State of Florida. Subject to its general and specific objections, Pamlab states as follows: Pursuant to a license agreement, Pamlab is obligated to pay royalties to Metabolite for sales of certain products marketed by Pamlab, if Pamlab chooses to make such sales. The license agreement does not obligate Pamlab to make any such sales. Pamlab, not Metabolite, markets FOLTX. Any royalty reports generated in connection with the Metabolite/Pamlab license agreement do not divide sales by any geographic territory and thus do not expressly identify any sales that Pamlab may or may not have made in Florida. In any event; such sales by Pamlab are not relevant to whether this Court has personal jurisdiction over an entirely separate defendant, Metabolite.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 14:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, reports and documents Pamlab has sent to Defendant Metabolite concerning the sale of FOLTX are relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Breckenridge is entitled to obtain documentation relating to monies paid by Pamlab to Metabolite. Accordingly, this Court should enter an order are relevant to establish compelling Pamlab to produce the requested documents expeditiously.

## BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 16:

Any and all articles published, advertisements placed in medical journals or any educational materials disseminated and any other

similar writings by you or made on your behalf concerning FOLTX.

## PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Articles, advertisements, and educational materials published or disseminated by Pamlab are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite. Pamlab further objects to the unduly burdensome nature of this Request.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 16:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein.  In addition, articles published, advertisements placed in medical journals or any educational materials disseminated and similar writings by Pamlab or made on Pamlab's behalf concerning FOLTX are relevant to establish the nature of the relationship between Pamlab and Metabolite.  These documents may show the cooperation and joint efforts of Pamlab and Metabolite.  *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder).  Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

## BRECKENRIDGE'S REQUEST FOR PRODUCTION NO. 18:

Any and all documents concerning any and all royalties or monies paid by you related to the '224 and/or '873 patents.

**PAMLAB'S RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

> Pamlab objects to this Request to the extent that it seeks discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. This Request is overbroad to the extent that it demands information related to royalties that are unconnected to Metabolite's contacts with the State of Florida. Pamlab farther objects to the unduly burdensome nature of this Request. Subject to its general and specific objections, Pamlab states as follows: Any royalty reports generated in connection with the Metabolite/Pamlab license agreement do not divide sales by any geographic territory and thus do not expressly identify any sales that Pamlab may or may not have made in Florida. In any event, such sales by Pamlab are not relevant to whether this Court has personal jurisdiction over an entirely separate defendant, Metabolite. Pamlab further objects to the unduly burdensome nature of this Request.

**BRECKENRIDGE'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 18:**

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein.  In addition, documents concerning royalties or monies paid by Pamlab related to the '224 and/or '873 patents are relevant to establish the nature of the relationship between Pamlab and Metabolite.  *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Breckenridge is entitled to obtain a copy of the royalty report and the back-up information to determine the portion of Metabolite's royalties that are attributable to the sales in Florida. Breckenridge is willing to limit the scope of this request to January 2000 through present. Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to produce the requested documents expeditiously.

## POINT II

## THIS COURT SHOULD STRIKE PAMLAB'S OBJECTIONS TO BRECKENRIDGE'S INTERROGATORIES AND REQUIRE PAMLAB TO ANSWER BRECKENRIDGE'S INTERROGATORIES.

Pamlab's refusal to answer the majority of Breckenridge's Interrogatories is in direct violation of this Court's discovery order. The Interrogatories are relevant to the existence of personal jurisdiction over Metabolite. *See Supra Genetic Implant* Systems, 123 F.3d at 1458-59; and *Debio Holdings S.A.*, 2000 U.S. Dist. Lexis 9349, *9. As such, this Court should order Pamlab to answer the following Interrogatories completely.

### BRECKENRIDGE'S INTERROGATORY NO. 5:

> Please state whether or not you have been paying any royalties on sales of FOLTX or any other products covered by the '224 and/or '873 patents and, if so, specify the amount of such royalties by year, the person or entity that received each of the royalty payments, and what each royalty payment was based upon.

### PAMLAB'S RESPONSE TO INTERROGATORY NO. 5:

> Pamlab objects to this Interrogatory because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. This Interrogatory demands information that is not relevant to personal jurisdiction question at issue. Pamlab's sales of product covered by the '224 or '873 patents are not relevant to the question of whether the Court has personal jurisdiction over Metabolite. Pamlab further objects to the unduly burdensome nature of this Interrogatory. Subject to its general and specific objections, Pamlab states as follows: Pamlab pays royalties to Metabolite based on the sale of its FOLTX product. Any royalty reports generated in connection with the Metabolite/Pamlab license agreement do not divide sales by any geographic territory and thus do not expressly identify any sales that Pamlab may or may not have made in Florida. Pamlab and Metabolite are entirely separate entities.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF INTERROGATORY NO. 5:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, this information are relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the license of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to answer this Interrogatory.

## BRECKENRIDGE'S INTERROGATORY NO. 8:

> Please explain the manner in which you track the sale and/or distribution of FOLTX.

## PAMLAB'S RESPONSE TO INTERROGATORY NO. 8:

> Pamlab objects that "track" is vague and unclear in this Interrogatory. Pamlab further objects to this Interrogatory because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab and Metabolite are entirely separate entities; it is Pamlab, not Metabolite, that markets FOLTX. The manner in which Pamlab "tracks" its product sales is not relevant to whether the Court has jurisdiction over Metabolite. Pamlab further objects that this Interrogatory is not sufficiently tied to the State of Florida. Pamlab further objects that it would be unduly burdensome for Pamlab to provide the information sought by this Interrogatory.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF INTERROGATORY NO. 8:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. In addition, the manner in which

Pamlab tracks the sale and/or distribution of FOLTX will likely establish that Pamlab has records and documents pertaining to the sale of and distribution of FOLTX in the state of Florida upon which Metabolite receives compensation.  It is essential for Breckenridge to get these documents and records as they may establish the nature of the relationship between Pamlab and Metabolite.  *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the license of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder).  Further, Breckenridge is willing to limit the term "track" in this interrogatory to mean Pamlab's system and procedures used to account for and record the actual sales of FOLTX, the amount of money paid for the purchase of FOLTX, and the geographic region that the FOLTX was sold in.  In addition, Breckenridge agrees to limit the scope of this request from January, 2000 through the present.  Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to answer this Interrogatory.

## BRECKENRIDGE'S INTERROGATORY NO. 12:

> Please state whether or not you have reported and/or are reporting to Metabolite or any other entity the results of sales of FOLTX and, if so, specify the frequency and nature of such sales reports, and the person or entity that receives such reports.

## PAMLAB'S RESPONSE TO INTERROGATORY NO. 12:

> Pamlab objects to this Interrogatory because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. This Interrogatory seeks information not relevant to personal jurisdiction question at issue. Subject to its general and specific objections, Pamlab states as follows: Pamlab makes quarterly royalty reports to Metabolite in connection with

Pamlab's sales of FOLTX. These royalty reports do not divide sales by any geographic territory and thus do not expressly identify any sales that Pamlab may or may not have made in Florida.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF INTERROGATORY NO. 12:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. Pamlab's Answer is incomplete because it failed or refused to disclose whether Pamlab reported and/or is reporting the results of sales of FOLTX to any entity other than Metabolite, the frequency and nature of such sales reports, and the person at Metabolite or any other entity that receives such reports.   This information is relevant to establish the nature of the relationship between Pamlab and Metabolite.  *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the license of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder).   Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to answer this Interrogatory.

## BRECKENRIDGE'S INTERROGATORY NO. 15:

Please specify each time that you and/or Metabolite and/or any one of your representatives traveled to the State of Florida and/or had conversations with persons or entities in the State of Florida concerning any of Pamlab's activities including, but not limited to, Metabolite product(s) or patents, sales or promotion of FOLTX, attendance at industry seminars or educational fora concerning Pamlab's activities, the publishing of articles and advertisements, funding or clinical studies or any other activities concerning Metabolite products or patents or Pamlab activities.

## PAMLAB'S RESPONSE TO INTERROGATORY NO. 15:

Pamlab objects to this Interrogatory to the extent that it incorrectly suggests that Metabolite sells, promotes, or distributes FOLTX or any other product in Florida or elsewhere. Pamlab further objects to this Interrogatory because it constitutes an impermissible attempt to obtain discovery on matters beyond the

scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab's travels to the State of Florida, or communications with individuals in Florida, are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite. Pamlab further objects to the lack of time limits in this Interrogatory. Pamlab further objects that, to the extent that this Interrogatory is directed to information that Pamlab has knowledge about its own travels to and communications with persons in the State of Florida, is it unduly burdensome. Pamlab further objects that this Interrogatory, which requests all conversations that representatives of Pamlab may have had with persons in the State of Florida at any time, is extremely burdensome and overly broad.

## BRECKENRIDGE'S ARGUMENT IN SUPPORT OF INTERROGATORY NO. 15:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein.  To the extent that Pamlab has knowledge of any occasions where Metabolite traveled to the State of Florida and/or had conversations with persons or entities in the State of Florida, Pamlab should be required to provide such information to Breckenridge.  The requested information is relevant to establish the nature of the relationship between Pamlab and Metabolite.  *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the license of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder).  Further, Breckenridge is willing to limit this Interrogatory to instances of the above referenced activities that have occurred since January 2000. Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to answer this Interrogatory.

## BRECKENRIDGE'S INTERROGATORY NO. 16:

Please identify the name, address, and telephone number of each and every physician in the State of Florida that you or any person

or entity acting on your behalf contacted or attempted to contact concerning FOLTX and specify the nature of the contact and the date of each contact.

### PAMLAB'S RESPONSE TO INTERROGATORY NO. 16:

Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. Pamlab's contacts with the State of Florida, including Pamlab's contacts with physicians in Florida, are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite. Pamlab further objects to the unduly burdensome nature of this Interrogatory.

### BRECKENRIDGE'S ARGUMENT IN SUPPORT OF INTERROGATORY NO. 16:

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. To the extent that Pamlab has knowledge of any contacts by Metabolite to physicians regarding FOLTX, Pamlab should be required to disclose the name, address, and telephone number of the physicians. This information is relevant to establish the nature of the relationship between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to answer this Interrogatory.

### BRECKENRIDGE'S INTERROGATORY NO. 18:

Please specify the names and state(s) of residence of each person in your sales force, whether independent or otherwise and, if designated, the territory(ies) for which each salesperson is responsible.

**PAMLAB'S RESPONSE TO INTERROGATORY NO. 18:**

> Pamlab objects to this Request because it constitutes an impermissible attempt to obtain discovery on matters beyond the scope of the Court's May 4, 2004 Order. Plaintiff Breckenridge's motion to the Court seeking discovery contemplated limited discovery on Metabolite's claim that the Court lacks personal jurisdiction over Metabolite. The Court's Order similarly permits only limited discovery on issues relating to Metabolite's personal jurisdiction motion. The details of Pamlab's sales force are not relevant to whether the Court has personal jurisdiction over an entirely separate defendant, Metabolite. Pamlab further objects that this Interrogatory is overbroad and unduly burdensome.

**BRECKENRIDGE'S ARGUMENT IN SUPPORT OF INTERROGATORY NO. 18:**

Breckenridge's incorporates by reference its argument in support of Request for Production No. 1 as though fully set forth at length herein. The names and state(s) of residence of each person in Pamlab's sales force, whether independent or otherwise and the territory(ies) for which each salesperson is responsible is relevant. This information may lead to evidence of the joint efforts between Pamlab and Metabolite. *See The Akro Corporation v. Luker*, 45 F.3d 1541 (Fed Cir. 1995)(holding that substantial contacts to the licensee of a patent is a sufficient nexus to establish specific jurisdiction over the patent holder). Accordingly, this Court should enter an order striking Pamlab's objections and compelling Pamlab to answer this Interrogatory.

## CONCLUSION

In summary, Breckenridge respectfully requests that this Court grant its Motion striking Pamlab's objections to the Request for Production and Interrogatories referenced herein by compelling Pamlab to serve the requested documents and responses to Interrogatories within seven (7) days from the entry of this Court's Order in this matter.

## CERTIFICATION

WE CERTIFY that movant has in good faith conferred or attempted to confer with the parties not making the noted disclosures in an effort to secure these disclosures without court action.

BUCKINGHAM, DOOLITTLE & BURROUGHS, L.L.P.

*[signature]* for

Robert E. Pershes
Florida Bar No. 301906
L.A. Perkins
Florida Bar No. 100153
2500 N. Military Trail, Suite 480
Boca Raton, FL 33431
Phone: (561) 241-0414
Fax: (561) 241-9766

## CERTIFICATE OF SERVICE

WE CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail to Jane W. Moscowitz, Esq., Moscowitz, Moscowitz & Magolnick, P.A., Mellon Financial Center, 1111 Brickell Avenue, Suite 2050, Miami, Florida 33131 and Glenn K. Beaton, Esq., J. Gregory Whitehair, Esq., Amanda J. Tessar, Esq., Gibson, Dunn & Crutcher, LLP, 1801 California Street, Suite 4100, Denver, Colorado 8202-2641 on this 28 day of June, 2004.

BUCKINGHAM, DOOLITTLE & BURROUGHS, L.L.P.

*[signature]* for

Robert E. Pershes
Florida Bar No. 301906
L.A. Perkins
Florida Bar No. 100153
2500 N. Military Trail, Suite 480
Boca Raton, FL 33431
Phone: (561) 241-0414
Fax: (561) 241-9766

«BOCA:71171_2»

25



# BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
Attorneys & Counselors at Law



2500 North Military Trail · Suite 480 · Boca Raton, FL  33431
561.241.0414 · Toll-Free 800.682.2825 · Fax 561.241.9766 · www.bdblaw.com

**L.A. Perkins, Esq.**
Direct Fax: 330.252.5392
E-Mail: lperkins@bdblaw.com

Akron
Boca Raton
Canton
Cleveland
Columbus

June 11, 2004

<u>Via Facsimile (303-296-5310) and U.S. Mail</u>

Glenn K. Beaton, Esq.
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, Colorado 80202-2641

RE:    Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc., et al
       Case No. DKC 04 – 80090

Dear Glenn:

This letter is sent as a follow-up to the voice mail message I left for you earlier today.  In an effort to avoid the necessity of filing a motion to compel, we would like to speak with you about Pamlab's responses to Breckenridge's first set of interrogatories and requests for production in the above-referenced matter.

In addition, because Pamlab did not appear for its Rule 30(b)(6) deposition on Friday, June 4, 2002, and it filed a motion for protective order thereafter, we intend to file a motion for extension of time requesting that Breckenridge's deadline to respond to Metabolite's motion to dismiss be continued until Breckenridge has had an opportunity to take the Rule 30(b)(6) deposition of Pamlab and obtain the information it requested in the first set of interrogatories and requests for production directed to Pamlab.

Please call me as soon as possible to discuss whether we can work something out with regard to Pamlab's responses to the written discovery and to let us know whether you have any objection to the referenced motion for extension of time.

Very truly yours,

L.A. Perkins

cc:    Jane Moscowitz, Esq. (via facsimile)
       J. Gregory Whitehair, Esq. (via facsimile)
       Amanda Tessar, Esq. (via facsimile)

EXHIBIT
A

«BOCA:70111_1»

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1801 California Street, Suite 4100  Denver, Colorado 80202-2641
(303) 298-5700
www.gibsondunn.com

gbeaton@gibsondunn.com

January 13, 2004

**Direct Dial**
(303) 298-5773

**Fax No.**
(303) 313-2818

**Client No.**
T 73318-00002

John A. Attaway, Jr., Esq.
General Counsel and Secretary
Publix Super Markets, Inc.
3300 Airport Road
Lakeland, FL  33811

Re:   *Metabolite Laboratories; U.S. Patent Nos. 5,795,873 and 6,297,224*

Dear Mr. Attaway:

This firm represents Metabolite Laboratories, Inc., which is the owner of the two United States patents referenced above.  Copies of those patents are enclosed.

Patent no. 6,297,224 (the "224 Patent") covers treating or preventing elevated levels of homocysteine by administering an oral formulation of vitamin $B_{12}$ and folate, with or without vitamin $B_6$.  Patent no. 5,795,873 (the "873 Patent") covers treating or preventing elevated levels of homocysteine by administering particular formulations of vitamin $B_{12}$ and folate, again with or without vitamin $B_6$.

Metabolite has exclusively licensed certain formulations of vitamin $B_{12}$ and folate to Pamlab, Inc.  Pamlab has exercised that license to manufacture and sell a prescription product under the name FOLTX®.  FOLTX® contains 1.0 mg vitamin $B_{12}$, 2.5 mg folate and 25 mg vitamin $B_6$.  FOLTX® is specifically for treating or preventing elevated homocysteine.  Enclosed are Pamlab's materials showing its use in treating or preventing elevated homocysteine.

Pamlab's manufacture and sale of FOLTX® is covered by the 224 Patent (see, e.g. claims 1-2, 6-7, 11-12 and 16-17) and is covered by the 873 Patent (see, e.g. claims 13, 15, 19, 21, 37, 39, 43 and 45).  As mentioned above, Pamlab's manufacture and sale of FOLTX® is expressly licensed by the patent owner, Metabolite.

> EXHIBIT
> **B**
> tabbies

M00018

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

GIBSON, DUNN & CR      CHER LLP

January 13, 2004
Page 2

It recently came to Metabolite's attention that one or more small generic drug companies are offering generic equivalents to FOLTX®. As the patent owner, Metabolite wanted to alert you to the patent coverage on FOLTX®. We would urge you to consult with your patent attorney before entering into any arrangements for the distribution, dispensing or substitution of these generic equivalents in place of a legitimate prescription or order for FOLTX®.

Thank you for your cooperation.

Very truly yours,

Glenn K. Beaton

GKB/rha
Enclosures

60106266_1.DOC

M00019