IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 04-80090-CIV-COHN

BRECKENRIDGE PHARMACEUTICAL, INC.,

Plaintiff,

v.

METABOLITE LABORATORIES, INC.

Defendant,
_____/

METABOLITE LABORATORIES, INC.,

Counterclaim Plaintiff and Third-Party Plaintiff,

v.

BRECKENRIDGE PHARMACEUTICAL, INC.,

Counterclaim Defendant, and

FLORIDA BRECKENRIDGE, INC.,
AMERISOURCEBERGEN CORPORATION,
McKESSON CORPORATION, and
LAURENCE RUNSDORF,

Third Party Defendants.

---

**BRECKENRIDGE PHARMACEUTICAL, INC., FLORIDA BRECKENRIDGE, INC., AMERISOURCEBERGEN CORP., McKESSON CORP., AND LAURENCE RUNSDORF'S MOTION TO STRIKE AND MOTION FOR SANCTIONS AGAINST METABOLITE'S COUNSEL WITH INCORPORATED MEMORANDUM OF LAW**

---

Plaintiff and Counterclaim Defendant Breckenridge Pharmaceutical, Inc. and Third Party Defendant Florida Breckenridge, Inc. (collectively "Breckenridge"), along with Third Party

Defendants AmerisourceBergen Corp., McKesson Corp., and Laurence Runsdorf (collectively "Third Party Defendants"), by and through their undersigned counsel, respectfully file this Motion to Strike and Motion for Sanctions with Incorporated Memorandum of Law ("Motion").

## I. INTRODUCTION

It is well settled that allegations within a pleading may be stricken by this Court when there is no possible relation between the allegations and the controversy and where the allegations may cause prejudice to a party. *See e.g. Agan v. Katzman & Korr, P.A.*, 328 F. Supp.2d 1363, 1367 (S.D. Fla. 2004), *see also In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation*, 147 F. Supp.2d 1348, 1355 (S.D. Fla. 2001).

Certain allegations within *Metabolite's Answer to Second Amended Complaint and Metabolite's Counterclaim and Third-Party Complaint* ("Metabolite's Counterclaims and Complaint") [Doc. 127] are irrelevant and will likely be prejudicial to Breckenridge (the real party in interest) and the Third Party Defendants. As such, these statements respectfully should be stricken from Metabolite's Counterclaims and Complaint pursuant to the power vested to this Court by Fed. R. Civ. 12(f). Breckenridge and the Third Party Defendants further respectfully request the Court strike any portion of Metabolite's Counterclaims and Complaint rendered ineffective or moot by the striking of the Irrelevant Paragraphs, including but not limited to the Counterclaim and Third Party Claim of "The Pattern and History of Bad Faith and Willful Infringement," (at Page 13). The striking of this Counterclaim and Third Party Claim is necessary as the striking of the aforementioned paragraphs leaves that Counterclaim and Third Party Claim in a position such that no relief can be granted thereupon.

The irrelevant portions of Metabolite's Counterclaims and Complaint include: the entirety of Affirmative Defense ¶5 (at page 10); the entirety of ¶24-¶27 (at page 13); and the entirety of ¶32-34 (at page 15) (collectively "Irrelevant Paragraphs"). These Irrelevant Paragraphs include personal and corporate allegations that have absolutely no bearing on the claims pending in this case, let alone any relationship to this patent infringement litigation and unfair competition claims associated with the products of the allegedly infringed patents. With this, these statements are completely immaterial and impertinent to the patent issues and dispute at hand, and, absent some explanation to the contrary, Metabolite appears now to be so desperate that it finds itself left only to engage in an obvious smear campaign to disparage and defame Breckenridge and the Third Party Defendants. This behavior should not be tolerated.

Even *arguendo*, if Metabolite's outlandish allegations were true, Breckenridge and the Third Party Defendants maintain that the identified paragraphs are completely irrelevant and not related to the issues present in this litigation, namely patent infringement of these three (3) B-vitamin patents and unfair competition associated with the same. At no time or place in making its counterclaims has Metabolite ever even attempted to articulate how these allegations and Irrelevant Paragraphs relate at all to the legal merits of this case.

It is also well settled that this Court has the inherent authority to control the proceedings before it, including the authority to impose "reasonable and appropriate" sanctions. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)). The inclusion of the irrelevant and unrelated subject matter into Metabolite's Counterclaims and Complaint wastes the time of

this Court and is an act of bad faith by Metabolite and their counsel. This Court should impose sanctions against Metabolite and their counsel accordingly.

## II. DISCUSSION AND ARGUMENT

### A. The Federal Rules of Civil Procedure allow the striking of immaterial and impertinent material from Metabolite's Counterclaims and Complaint.

Federal Rule of Civil Procedure 12(f) allows this Court to "order stricken from any pleading any...immaterial [or] impertinent...matter." Motions to strike, though generally not favored, will be granted when the "allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *In re Southeast Banking, supra* at 1355. Courts have found the terms "immaterial" or "impertinent" to mean the allegation is "neither responsive nor relevant to the issues involved in the action." *2-12 Moore's Federal Practice – Civil; §12.37*, citing *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) and *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991).

### B. The Entirety of Affirmative Defense ¶5 (at Page 10) of Metabolite's Counterclaims and Complaint Should be Stricken as Immaterial and Impertinent.

Metabolite states in the Affirmative Defense ¶5 (at Page 10) of its Answer and Complaint that:

> " 5. Plaintiff's claims in equity are barred by unclean hands, including without limitation its misrepresentations to this and other courts, its sale of adulterated pharmaceuticals, its sale of diluted cancer drugs, and its pattern of willfully disregarding the intellectual property rights of others."

**Alleged sales of adulterated pharmaceuticals and diluted cancer drugs, even if assumed to be true, have no relation to B-vitamins or the claims at hand, namely the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496, and the unfair**

4

**competition related to the sales of the products.** The allegations are further immaterial and impertinent, as they are completely irrelevant to any cause of action in the litigation.

    C.    **The entirety of ¶24-¶27 and ¶32-¶34 (at Page 13) of Metabolite's Counterclaims and Complaint should be stricken as immaterial and impertinent.**

In ¶¶ 24-27 (at Page 13) Metabolite's allegations include:

> "    24.    More specifically, according to press reports, one or more persons have been arrested for selling and offering to sell counterfeit designer merchandise out of Mr. Runsdorf's personal residence, having a street value of about $500,000. A copy of such report is in Exhibit C."

**The alleged sale of counterfeit designer merchandise, even if assumed to be true, is irrelevant to the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496 and the unfair competition of the sales of the products.**

> "    25.    On or about May 11, 1999, the Eleventh Circuit issued an opinion stating that Florida Breckenridge, Inc. and its attorneys at that time had engaged in a "a pattern of conduct . . . designed to mislead and confuse the court" and "frustrated the system of justice, which depends on their candor and loyalty to the court, because they wanted to avoid an unpleasant truth about their clients' conduct" concerning a generic drug matter. A copy of the Eleventh Circuit opinion is in Exhibit D attached hereto."

**The alleged misconduct of Florida Breckenridge's former attorneys, even if assumed to be true, is irrelevant to the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496 and the unfair competition of the sales of the products.**

> "    26.    On or about May 26, 2003, Breckenridge Pharmaceutical, Inc. and Mr. Runsdorf were the subject of an article in the Sun-Sentinel (Fort Lauderdale, Florida), stating that they "were a conduit for counterfeit drugs reaching the drug supply." A photocopy of such article is in Exhibit E attached hereto."

**The allegations of counterfeit drugs, even if assumed to be true, is irrelevant to the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496 and the unfair competition of the sales of the products.**

> " 27. On or about November 18, 2001, the Florida Department of Health filed an Amended Administrative Complaint against Florida Breckenridge, Inc., Breckenridge Pharmaceutical, Inc., and Mr. Runsdorf for selling adulterated prescription drugs. A photocopy of the Amended Administrative Complaint is attached hereto in Exhibit F attached hereto. The Florida Department of Health sought to deny the renewal and revoke the permit of Florida Breckenridge, Inc. and Breckenridge Pharmaceutical, Inc., and impose a $92,000 fine. In settlement, Florida Breckenridge and Mr. Runsdorf stipulated to a $81,000 payment and an injunction. A copy of the settlement paper in Exhibit G attached hereto."

**The allegations of adulterated prescription drugs, even if assumed to be true, is irrelevant to the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496 and the unfair competition of the sales of the products.**

Metabolite further alleges, in ¶¶ 32-34 (at Page 15), that:

> " 32. Breckenridge Pharmaceutical, Inc. is a defendant in a lawsuit in United States District Court for the District of Maryland, wherein the plaintiff alleges that Breckenridge Pharmaceutical, Inc. falsely represents its generic drug called V-Tann."

**The alleged lawsuit regarding false representation of generic drugs, even if assumed to be true, is irrelevant to the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496 and the unfair competition of the sales of the products.**

> " 33. Upon information and belief, an officer of Breckenridge Pharmaceutical, Inc. is or has been an officer of a low-cost cigarette company. A photocopy of a press report so stating is in Exhibit I attached hereto."

**The alleged professional affiliations of a Breckenridge officer, even if assumed to be true, is irrelevant to the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496 and the unfair competition of the sales of the products.**

> "    34.    Breckenridge Pharmaceutical, Inc. is or was a defendant in a lawsuit wherein the plaintiff alleged that Breckenridge Pharmaceutical, Inc. falsely represented its generic drug called Neosol. A decision in such case is reported at 388 F. Supp. 2d 967."

**The alleged lawsuit regarding false representation of generic drugs, even if assumed to be true, is irrelevant to the alleged infringement of U.S. Patent Nos. 5,795,873; 6,297,224; and 6,528,496 and the unfair competition of the sales of the products.**

These numerous allegations made by Metabolite are completely unrelated to the litigation at hand, and have no possible relation to the alleged patent infringement and unfair competition of this suit. Moreover, Metabolite does not even attempt to explain any relation (if any exists) of the foregoing allegations to the patent infringement issues alleged in the present lawsuit. Instead, the allegations are immaterial, irrelevant and unduly prejudice Breckenridge and the Third Party Defendants, and should, thus, be stricken. *See Fed. R. Civ. Pro. 12, see also In re Southeast Banking, supra* at 1355.

Furthermore, the personal affairs of the unnamed person at Mr. Runsdorf's residence alleged in Paragraph 24 clearly are irrelevant and have no relation to the suit at hand. The allegations do not involve Mr. Runsdorf himself, and have no connection to Breckenridge, any of the Third Party Defendants, or Metabolite, let alone B-vitamins, or the patents at issue in this suit. Paragraph 24 therefore is immaterial, impertinent and irrelevant to the litigation at hand, and should be stricken as such. *See Fed. R. Civ. Pro. 12, see also In re Southeast Banking, supra* at 1355.

The attorney misconduct alleged in Paragraph 25 yet again attempts to lure this Court to conclude that the attorneys accused of misconduct are Breckenridge's present attorneys.[1] Regrettably, Metabolite fails to represent to this Court that the accused attorneys are not related to the current attorneys or firms representing Breckenridge and the Third Part Defendants in this suit, and the present attorneys were not involved whatsoever in the litigation leading to the cited opinion. Furthermore, Metabolite does not represent that the litigation leading to the cited opinion has absolutely no relation to the current litigation, nor did it even involve Metabolite, nor the B-vitamins at issue in <u>this litigation</u>. Instead, these misrepresentations clearly appear to be a blatant attempt by Metabolite to prejudice this Court and the jury against Breckenridge, Third Party Defendants, and their attorneys, and should be stricken as immaterial and impertinent. *See Fed. R. Civ. Pro. 12, see also In re Southeast Banking, supra* at 1355.

Continuing further, Metabolite's allegations regarding counterfeit and/or adulterated drugs in Paragraphs 26-27 are in furtherance of Metabolite's attempt to prejudice this Court and the jury against Breckenridge and the Third Party Defendants, by trying to associate "bad acts" with pharmaceuticals to make it appear that these allegations have some relationship to this case. However, Metabolite's attempts in this regard are transparent as well as insulting, not just to Breckenridge and the Third Party Defendants, but to this Court. These allegations also have no relation to the B-vitamins at issue in this case, nor the alleged infringement of Metabolite's patents at issue, nor are these allegations material at all to any of the patent claims at issue. As

---

[1] Similar allegations have been repeated on numerous occasions before this and other Courts by Metabolite and previously disputed by Breckenridge. See, for example, Metabolite's Motion to Dismiss as filed in the related case 04-81081-CIV-COHN/SNOW (Doc. #40) and Plaintiff Florida Breckenridge, Inc.'s Opposition to Defendant Metabolite's Motion to Dismiss with an Incorporated Memorandum of Law as filed in the same related case (Doc. #44).

such, these highly irrelevant and prejudicial statements should be stricken from the pleading. *See Fed. R. Civ. Pro. 12, see also In re Southeast Banking, supra* at 1355.

Moreover, Metabolite's allegations of suits regarding false representation of drugs alleged in Paragraphs 32 and 34 pertain to drugs that are not B-vitamin products. Rather, the drugs in question in the referenced litigation have no bearing on the case at hand, and are not alleged to infringe on Metabolite's patents. The allegations regarding these suits are immaterial and have no relation to the present controversy. They are again meant only to prejudice this Court and the jury against Breckenridge and the Third Party Defendants, and should be stricken from the record as immaterial and impertinent. *See Fed. R. Civ. Pro. 12, see also In re Southeast Banking, supra* at 1355.

Moreover, the professional affiliations of a corporate officer of Breckenridge as portrayed in Paragraph 33 is equally unrelated to the alleged patent infringement of any of Metabolite's patents. It is clear that such a professional affiliation would have no relation whatsoever to the claims at hand or B-vitamins. Clearly, Metabolite included this allegation in its Counterclaims and Complaint in an attempt to put Breckenridge in a bad light. As such, the allegation again should be stricken from the pleading as immaterial and impertinent. *See Fed. R. Civ. Pro. 12, see also In re Southeast Banking, supra* at 1355.

Considering all of this, it is hard to fathom any reasonable explanation for the inclusion of the above allegations within Metabolite's Answer and Counterclaims. The inclusion of such unrelated and irrelevant allegations is a thinly veiled attempt by Metabolite to prejudice the Court and jury against Breckenridge and the Third Party Defendants and to open the subject matter for deposition to encompass plainly irrelevant areas of inquiry. Metabolite's Answer and

Counterclaims is not the appropriate place to launch a smear campaign against Breckenridge and/or the Third Party Defendants, and the immaterial, impertinent and irrelevant paragraphs should be stricken from the pleading.

Furthermore, the striking of the aforementioned paragraphs leaves Metabolite's Counterclaim and Third Party Claim of "The Pattern and History of Bad Faith and Willful Infringement" (at Page 13) in a position such that no relief can be granted thereupon, as there is no support for the claim. Breckenridge and the Third Party Defendants respectfully request this Court strike any further portion of Metabolite's Counterclaim and Complaint rendered ineffective or moot by the striking of the Irrelevant Paragraphs, including but not limited to the Counterclaim and Third Party Claim of "The Pattern and History of Bad Faith and Willful Infringement" (at Page 13).

> D. **This Court has the inherent authority to impose sanctions on Metabolite and their counsel for the inclusion of irrelevant and unrelated subject matter in Metabolite's Counterclaim and Complaint.**

This Court has the inherent authority to control the proceedings before it, including the authority to impose "reasonable and appropriate" sanctions. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)). The Court must find that the party acted in bad faith to exercise its inherent power to impose sanctions. *Id.* (citing *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) ("circumstances which may dictate the exercise of inherent power to assess attorney's fees against counsel, including those where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). The Federal Court's inherent power to impose sanctions for bad faith conduct exists whether or not the sanctions would be allowed under a statute or the Federal

Rules. *Id* at 1336 (FN 3) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 2135-36 (1991) (concluding that federal courts are not forbidden from sanctioning bad-faith conduct under their inherent power simply because the conduct could also be sanctioned under a statute or the Rules), and *Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir. 2001) (stating that, even if monetary sanctions were not justified under Rule 11, the award of sanctions could be affirmed if the sanctions were proper under the court's inherent authority)).

Metabolite's inclusion of irrelevant subject matter completely unrelated to the litigation at issue within their Counterclaims and Complaint is in bad faith. The inclusion of these irrelevant and unrelated allegations is an obvious effort by Metabolite to prejudice the Court and jury against Breckenridge and the Third Party Defendants. Metabolite fails to put forth any reasonable explanation for the inclusion of such prejudicial subject matter in the Counterclaims and Complaint. The irrelevant and unrelated allegations against Breckenridge and the Third Party Defendants waste the time of the parties and this Court, for the above argued reasons. As such, it is appropriate for this Court to use its inherent powers to sanction Metabolite and their named counsel by awarding Breckenridge and the Third Party Defendants attorney fees and other necessary expenses in the preparation of this Motion, as well as any further sanctions this Court finds appropriate.

### III.    CONCLUSION

After considering the above factors, Breckenridge and the Third Party Defendants respectfully request this Court to consider the ample evidence and developments that justify in the record that the immaterial and impertinent portions of Metabolite's Answer and Counterclaims, including the entirety of Affirmative Defense ¶5 (at page 10), the entirety of ¶24-

¶27 (at page 13), and the entirety of ¶32-34 (at page 15), be stricken from the pleading as they unduly prejudice Breckenridge and the Third Party Defendants and are wholly irrelevant to the claims of this litigation.  Breckenridge and the Third Party Defendants request the Court further strike any portions of Metabolite's Counterclaim and Complaint rendered moot by the striking of the Irrelevant Paragraphs, including but not limited to Metabolite's Counterclaim and Third Party Claim of "The Pattern and History of Bad Faith and Willful Infringement" (at Page 13). Furthermore, Plaintiff Breckenridge and the Third Party Defendants pray that this Court use its inherent power to impose sanctions upon Metabolite and its named counsel for the bad faith inclusion of the immaterial and impertinent portions of Metabolite's Answer and Counterclaims.

Pursuant to Local Rule 7.1.A.3, counsel has conferred with Defendant in a good faith effort to resolve the issues raised herein but has been unable to do so.

Dated this 18th day of September, 2006.

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _____
Robert E. Pershes
Florida Bar No. 301906
rpershes@bdblaw.com
L.A. Perkins
Florida Bar No. 100153
Lperkins@bdblaw.com
Telephone (561) 241-0414
Facsimile: (561) 241-9766
Attorneys for Plaintiff

## CERTIFICATE

I certify that a copy of the foregoing was hand delivered to the Clerk and furnished via

☐ Facsimile, ☒ U.S. Mail, ☐ Hand Delivery to the following:

| | |
|---|---|
| Jane W. Moscowitz, Esq. | Glenn K. Beaton, Esq. |
| jmoscowitz@mmmpa.com | gbeaton@gibsondunn.com |
| Moscowitz, Moscowitz & Magolnick, P.A. | Amanda J. Tessar, Esq. |
| Attorneys for Pamlab, LLC | Gibson, Dunn & Crutcher, LLP |
| 1111 Brickell Avenue, Suite 2050 | Attorneys for Metabolite Laboratories |
| Miami, FL 33431 | 1801 California Street, Suite 4200 |
| Tel. (305) 379-8300 | Denver, CO 80202 |
| Facsimile: (305) 379-4404 | Tel. (303) 298-5742 |
| | Facsimile: (303) 313-2826 |

this 18th day of September, 2006.

_____
Robert E. Pershes, Esq.

«AK3:843398_v3»