# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case Number:  04-80090-CIV-COHN/SNOW

BRECKENRIDGE PHARMACEUTICAL, INC.,

     Plaintiff,

v.

METABOLITE LABORATORIES, INC.,

     Defendants,

                                      /

METABOLITE LABORATORIES, INC.,

     Counterclaim Plaintiff and Third-Party Plaintiff,

v.

BRECKENRIDGE PHARMACEUTICAL, INC.,

     Counterclaim Defendant, and

FLORIDA BRECKENRIDGE, INC.,
AMERISOURCEBERGEN CORPORATION,
McKESSON CORPORATION, and
LAURENCE RUNSDORF,

     Third-Party Defendants.

                                      /



## METABOLITE'S OPPOSITION TO MOTION TO STRIKE AND OPPOSITION TO MOTION FOR SANCTIONS AGAINST METABOLITE'S COUNSEL

Defendant Metabolite Laboratories, Inc. ("Metabolite") responds in opposition to Breckenridge Pharmaceutical, Inc., Florida Breckenridge, Inc., AmerisourceBergen Corporation, McKesson Corporation, and Laurence Runsdorf's Motion to Strike and Motion for Sanctions Against Metabolite's Counsel.

## I. INTRODUCTION

Breckenridge Pharmaceutical, Inc. untimely filed its Rule 12(f) Motion to Strike, waiting until after filing its Reply to Counterclaim and Third-Party Complaint to pursue its motion.

Even if this were not the case, Breckenridge does not articulate a single reason why Metabolite's Affirmative Defense ¶ 5 – unclean hands – is insufficient as a matter of law (the only basis on which an affirmative defense may be struck).

The specific factual allegations concern not just Breckenridge's unclean hands that are relevant to its equity claims, but also Breckenridge's pattern of willful infringement of intellectual property rights.  Notably, Breckenridge has never disputed the truth of those allegations.

The Third-Party Defendants also joined Breckenridge's motion to strike.  The Third-Party Defendants, however, have asserted no counterclaim; therefore, Metabolite's affirmative defense does not relate to them.  They have no basis and no standing for moving to strike those allegations.

## II.  ARGUMENT

### A.  GOVERNING LAW

A motion to strike under Rule 12(f) is a drastic remedy that is disfavored by courts.[1] Under the Rule, the Court has discretion to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2]  "Motions to strike are usually denied 'unless the allegations have <u>no possible relation</u> to the controversy <u>and</u> may cause prejudice to one of the

---

[1]   2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[1] ("Courts disfavor the motion to strike, because it proposes a drastic remedy.") (quotation and citation omitted).  *See also Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) ("A motion to strike is a drastic remedy that is disfavored by the courts.").

[2]   Fed. R. Civ. Pro. 12(f).

parties.'"[3]  "[E]ven matters that are not 'strictly relevant' to the principal claim at issue should not

necessarily be stricken, if they provide 'important context and background' to claims asserted or

are relevant to some object of the pleader's suit."[4]  And "a court will not exercise its discretion

under the rule to strike a pleading unless the matter sought to be omitted has <u>no possible</u>

<u>relationship</u> to the controversy, may confuse the issues, or otherwise prejudice a party."[5]

"[G]enerally, courts will strike a claim as 'redundant' when it essentially repeats another

claim in the same complaint.  An allegation is 'impertinent' or 'immaterial' when it is neither

responsive nor relevant to the issues involved in the action. . . . 'Scandalous' generally refers to

any allegation that unnecessarily reflects on the moral character of an individual or states

anything in repulsive language that detracts from the dignity of the court."[6]

"Striking an affirmative defense is proper <u>only</u> when the defense is insufficient as a

matter of law."[7]  The affirmative defense must be insufficient on the face of the pleadings.[8]  "A

defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently

---

[3]  *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 1363, 1367 (S.D.Fla. 2004) (quotation and citation omitted) (emphasis added); *see also* MOORE'S FEDERAL PRACTICE § 12.37[3] ("To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [movant].") (quotation and citation omitted).

[4]  *Int'l Motor Contest Ass'n v. Staley*, 434 F. Supp. 2d 650, 662 (N.D. Iowa 2005) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (9th Cir. 1977)).

[5]  *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted) (emphasis added).

[6]  2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[3].

[7]  *McGlothan v. Walmart Stores, Inc.*, No. 06-cv-94, 2006 U.S. Dist. LEXIS 39208, *3 (M.D. Fla. June 14, 2006) (emphasis added) in Exh A (citing *Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

[8]  *Royal Ins. Co. of Am. v. M/Y Anastasia*, 1997 AMC 2172, *10 (N.D. Fla. 1997).

frivolous, or (2) it is clearly invalid as a matter of law."[9]  "In evaluating a motion to strike an affirmative defense, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings."[10]  "As with material in a complaint, the movant must make a strong showing to succeed in striking an affirmative defense."[11]  If the Court grants a motion to strike an affirmative defense, the non-movant should be granted leave to amend so long as there is no prejudice to the movant.[12]

Under Rule 12(f), a motion to strike should be "made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after service."[13]

## B. THE MOTION TO STRIKE SHOULD BE DENIED

### 1.   Breckenridge Pharmaceutical, Inc.'s Motion To Strike Is Untimely Filed.

Plaintiff Breckenridge filed its Motion to Strike the week after it filed its Reply to Counterclaim and Third-Party Complaint.[14]  Rule 12(f) dictates that a motion to strike must be "made by a party before responding to a pleading . . . ."  Breckenridge offers no explanation for

---

[9]   *McGlothan v. Walmart Stores, Inc.*, No. 06-cv-94, 2006 U.S. Dist. LEXIS 39208, *3 (M.D. Fla. June 14, 2006) in Exh. A (quoting *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

[10]   *Royal Ins. Co. of Am. v. M/Y Anastasia*, 1997 AMC 2172, *10 (N.D. Fla. 1997).

[11]   2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[4].

[12]   *See id.* ( "If a motion to strike is granted, the court should ordinarily grant the defendant leave to amend so long as there is no prejudice to the opposing party.").

[13]   *See also* MOORE'S FEDERAL PRACTICE § 12.37[5] (If a party wishes the court to remove any matter from a pleading, it must move to strike before responding (e.g., filing an answer) or within 20 days of service of the offending pleading.").

[14]   *See* Reply to Counterclaim and Third-Party Complaint, filed Sept. 13, 2006; Motion to Strike and Motion for Sanctions, filed Sept. 19, 2006.

its tardy filing, nor would the rule excuse a tardy filing.  Breckenridge's motion to strike should be struck accordingly.

> ### 2.    Metabolite's Affirmative Defense Is <u>Not</u> Insufficient As A Matter Of Law.

Eleventh Circuit district courts hold that "[s]triking an affirmative defense is proper <u>only</u> where the defense is insufficient as a matter of law."[15]  Even if Breckenridge had timely filed its motion to strike Metabolite's Affirmative Defense ¶ 5, Breckenridge has not, indeed cannot, argue that Metabolite's affirmative defense is insufficient as matter of law.[16]

Breckenridge's argument is conclusory:  "the entirety of affirmative defense ¶ 5 . . . should be stricken as immaterial and impertinent."[17]  This is inadequate to strike Metabolite's affirmative defense as a matter of law.

> ### 3.    Breckenridge's Pattern Of Willful Infringement Of The Intellectual Property Of Others Is Relevant To Metabolite's Claim For Willful Infringement And Its Affirmative Defense Of Unclean Hands.

Metabolite seeks exemplary damages against Breckenridge under Patent Act § 284 for willful infringement of the 658 Patent.[18]  "Determination of willfulness is made on consideration

---

[15]   *McGlothan v. Walmart Stores, Inc.*, No. 06-cv-94, 2006 U.S. Dist. LEXIS 39208, *3 (M.D. Fla. June 14, 2006) (emphasis added) (citing *Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

[16]   Metabolite's Affirmative Defense ¶ 5 is plead in Metabolite's Answer to [Breckenridge Pharmaceutical, Inc.'s] Second Amended Complaint.  The affirmative defense is not plead against Third-Party Defendants so Third-Party Defendants cannot have standing to join Breckenridge in this section of the motion to strike.

[17]   Motion to Strike p. 4.

[18]   *See* Counterclaim and Third-Party Complaint ¶ 34.

of the totality of the circumstances . . . ."[19]  Courts consider many factors when determining

whether damages should be increased for willful infringement including:  "(1) whether the

infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he

knew of the other's patent protection, investigated the scope of the patent and formed a good-

faith belief that it was invalid or that it was not infringed; . . . (3) the infringer's behavior as a

party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6)

duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's

motivation for harm; and (9) whether defendant attempted to conceal its misconduct."[20]

Breckenridge's pattern of willful disregard for the intellectual property rights of others,

from trademark law to patent law, has bearing at least on Breckenridge's motivation to harm

Metabolite with its continued infringement of the 496 Patent and whether Breckenridge

Pharmaceutical, Inc. deliberately copied Metabolite's patent.  Under Federal Rule of Evidence

404(b), such evidence of other crimes, wrongs or acts may be admissible for the purposes of

"proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident . . . ."  In addition, under Federal Rule of Evidence 406, "[e]vidence of the

habit of a person or of the organization . . . is relevant to prove that the conduct of the person or

organization on a particular occasion was in conformity with the habit or routine practice."

---

[19]  *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004).

[20]  *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2004) (quoting *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), *superseded on other grounds, Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1578 (Fed. Cir. 1996)).  *See also Rolls-Royce, Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1110 (Fed. Cir. 1986)("In respect of willfulness, there cannot be hard and fast per se rules. The district court, considering the evidence before it and the testimony and demeanor of the witnesses, must in each case determine whether an infringer has discharged its affirmative duty of exercising due care.).

These acts of infringement of the intellectual property of others could thus be used at trial as proof of Breckenridge's state of mind and conduct. The time will come to decide whether these allegations should be admissible at trial, but striking the allegations (undisputably truthful ones) is a drastic remedy that is disfavored by courts.[21]

Both Breckenridge and Metabolite plead equitable claims, including the defense of unclean hands.[22] To the extent that Breckenridge and its officers willfully infringe the intellectual property of others, including trademarks, trade dress, and patent rights, this pattern and knowledge may be relevant to Breckenridge's infringement of the patents at issue. In addition, this conduct may also prove relevant to Breckenridge's tort claims.

### 4. Breckenridge Pharmaceutical, Inc., Florida Pharmaceutical, Inc., And Laurence Runsdorf's Pattern Of Infringement Of Intellectual Property Is Relevant To Metabolite's Claim For Willful Infringement.

The Third-Party Defendants[23] have joined Breckenridge's motion to strike, even though the allegations that are the subject of the motion do not apply to them. Therefore, they do not have standing or a basis for their motion

The exceptions are Florida Breckenridge, Inc. and Mr. Runsdorf, who is Breckenridge's president. But Florida Breckenridge, Inc. is, according to Breckenridge itself, not actually an entity; it is merely a trade name for Breckenridge. As to Mr. Runsdorf, he is in the thick of this litigation in his capacity as the officer who directs Breckenridge's infringement. His actions in

---

21  *See Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) ("A motion to strike is a drastic remedy that is disfavored by the courts.").

22  *See, e.g.*, Metabolite's Affirmative Defense ¶ 5, Breckenridge Pharmaceutical, Inc.'s Affirmative Defense ¶ 5.

23  The Third-Party Defendants are Florida Breckenridge, Inc., Laurence Runsdorf, AmerisourceBergen Corporation, and McKesson Corporation.

directing or tolerating similar infringements in the past is directly relevant to Metabolite's claim for willful infringement and Metabolite's defense of unclean hands.

None of the Third-Party Defendants have grounds for moving to strike Metabolite's allegations that only involve only Breckenridge, notably Counterclaim and Third-Party Complaint ¶¶ 32, 33, & 34.

5. **The Parties Offer No Basis For Striking Metabolite's Other "Pattern And History Of Bad Faith And Willful Infringement" Pleadings.**

Plaintiff and Third-Party Defendants also "respectfully request this Court strike any further portion of Metabolite's Counterclaim and Complaint rendered ineffective or moot by the striking of the Irrelevant Paragraphs, including but not limited to the Counterclaim and Third Party Claim of 'The Pattern of History of Bad Faith and Willful Infringement.'"[24] They provide no explanation for why Metabolite's remaining allegations of bad faith and willful infringement in this section, including ¶¶ 23, 28, 29, 30, and 31 or its prayer for relief are rendered ineffective or moot. To the contrary, they are relevant in showing Breckenridge's pattern of infringement and its officers' lack of credibility.

C. **PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION FOR SANCTIONS SHOULD BE DENIED.**

Plaintiff and Third-Party Defendants seek to impose sanctions on Metabolite for the purported offense of pleading an affirmative defense and allegations that Plaintiff and Third-Party Defendants do not like. Plaintiff and Third-Party Defendants do not claim that Metabolite violated Rule 11, presumably because they agree that Metabolite has fully complied with Rule 11: (i) Metabolite's Answer, Counterclaim, and Third-Party Complaint were not presented for

---

[24]    Motion to Strike p. 10.

any improper purpose; (ii) Metabolite's claims and defenses are warranted by existing law or a nonfrivolous argument for modifying the existing law; (iii) Metabolite's allegations have evidentiary support or are likely to have evidentiary support; and, (iv) Metabolite's denials of factual contentions are warranted on the evidence.[25]  Indeed, it is undisputed that the factual allegations at issue are not only supported; they are true.

What Plaintiff and Third-Party Defendants argue is that the Court should impose sanctions for asserting an affirmative defense and factual allegations that comply with Rule 11. They offer no support for that proposition.

Further, the Eleventh Circuit limits the imposition of sanctions to situations where the court finds the offending party acted in bad faith.[26]  Plaintiff and Third-Party Defendants offer no direct, or circumstantial, evidence of bad faith.[27]  This is because Metabolite did not file its Answer, Counterclaims and Third-Party Complaint in bad faith.  Nor has Metabolite engaged in any other acts of bad faith litigation or litigation misconduct.[28]  The only bad faith here is the bad

---

[25]     *See* Fed. R. Civ. P. 11(b).

[26]     *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F. 3d 1332, 1335 (11th Cir. 2002) ("We review the district court's imposition of sanctions for abuse of discretion. . . . To exercise its inherent power a court must find that the party acted in bad faith.") (internal citation omitted).

[27]     Metabolite has expressed no bad faith and contradicted the unfounded accusations of bad faith made by counsel for Plaintiff and Third-Party Defendants in a pre-filing email exchange.  *See* Email Exchanges Between L. Wagner and G. Beaton in Exh. B.

        In addition, Plaintiff and Third-Party Defendants filed the Motion for Sanctions without bothering to engage in a pre-filing conference required by local rules.  *See id.*; S.D. Fla. L.R. 7.1(A)(3).

[28]     As to bad-faith and scandalous allegations, we note Breckenridge's Second Amended Complaint which alleges that Metabolite, and thus its founder and president Dr. Robert H. Allen, "indiscrimately performed [the aforestated actions] without regard to patient health or impact to patients by contacting all or virtually all pharmacists and

[Footnote continued on next page]

faith filing of the Motion for Sanctions without a pre-filing conference as required by local rules.[29]  Plaintiff and Third-Party Defendants seek to effectively eliminate the "bad faith" requirement by concluding that the Court should find bad faith is present because they say so.[30]

## III. CONCLUSION

In conclusion, Breckenridge Pharmaceutical, Inc., the only party with grounds on which to strike Metabolite Affirmative Defense ¶ 5, untimely files its motion to strike and fails to argue the defense in insufficient.  In addition, Metabolite has shown that the allegations of ¶¶ 24-27 and 32-34 are relevant to Metabolite's claim for willful infringement and Metabolite's affirmative defense of unclean hands.  In addition, Metabolite respectfully requests that the Court decline Plaintiff and Third-Party Plaintiffs' unprecedented invitation to impose sanctions for the dubious offense of pleading an affirmative defense and factual allegations simply because the parties do not agree to their relevance.

At most, should the Court find that some of Metabolite's allegations be struck, Metabolite respectfully requests that these allegations be limited to the only parties to timely file their Motion to Strike, Third-Party Plaintiffs, and limited to the allegations involving the Third-Party Plaintiffs, Counterclaim and Third-Party Complaint ¶¶ 24-27.

Date:   October 5, 2006.

---

[Footnote continued from previous page]
> pharmaceutical distributors in the field."  Dr. Allen is a highly respected hematologist and Professor who has devoted his career to the study of vitamin $B^{12}$ and folate and who has published over 150 articles in The New England Journal of Medicine and other leading journal.  But we see no need for a motion to strike Breckenridge's allegation; the truth will come out.

[29]  *See* S.D. Fla. L.R. 7.1(A)(3); Email Exchanges Between L. Wagner and G. Beaton in Exh. B.

[30]  Plaintiff and Third-Party Defendants argue.

By: _____

   Jane W. Moscowitz, Florida Bar No. 586498
Moscowitz & Moscowitz, P.A.
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, Florida 33131
Telephone: (305) 379-8300
Facsimile: (305) 379-4404

Glenn K. Beaton, Admitted *Pro Hac Vice*
J. Gregory Whitehair, Admitted *Pro Hac Vice*
Amanda Tessar, Admitted *Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2641
Telephone: (303) 298-5700
Fax: (303) 296-5310

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2006 a true and correct copy of the foregoing **METABOLITE'S OPPOSITION TO MOTION TO STRIKE AND OPPOSITION TO MOTION FOR SANCTIONS AGAINST METABOLITE'S COUNSEL** was served by U. S. mail, first class postage prepaid, on all counsel or parties of record on the attached service list:

Robert E. Pershes
H. Michael Muniz
L.A. Perkins
BUCKINGHAM, DOOLITTLE & BURROUGHS
5355 Town Center Road, Suite 900
Boca Raton, FL 33486-1069

Mark J. Skakun, III
Louis F. Wagner
Philip R. Wiese
BUCKINGHAM, DOOLITTLE & BURROUGHS
50 S. Main Street
P.O. Box 1500
Akron, OH 44308-1500

John M. Landis
STONE PIGMAN WALTHER WITTMANN
546 Carondelet Street
New Orleans, LA 70130

Jane W. Moscowitz

100087337_1.DOC

12

EXHIBIT A

## Mueller, Kourtney

| | |
|---|---|
| **From:** | Beaton, Glenn K. |
| **Sent:** | Friday, September 15, 2006 2:03 PM |
| **To:** | Louis Wagner |
| **Cc:** | Mueller, Kourtney |
| **Subject:** | RE: meet & confer |

Please do not conclude your emails with peremptory assumptions, as you frequently have. The purpose of the Rule requiring a meet and confer is to avoid assumptions, not to encourage them.

As to the "real party in interest", Amerisource and McKesson are as much infringers as Breckenridge. All three of them distribute the infringing product (and, as I understand it, none of them manufacture it). So we indeed will oppose "severing" two of the defendants from the case (I'm not sure what you mean by "severing" but I guess you mean setting up a different law suit against them--something that is inconsistent with the consolidation previously effected in Colorado).

As to Mr. Runsdorf, I have no "personal dislike" for him, nor does my client. He is named because he is inducing the infringement by the three corporate defendants.

Glenn

---

**From:** Louis Wagner [mailto:LWagner@BDBLAW.com]
**Sent:** Friday, September 15, 2006 12:10 PM
**To:** Beaton, Glenn K.
**Cc:** Louis Wagner
**Subject:** RE: meet & confer

The real party in interest is Breckenridge, not anyone else. You have seen the indemnification agreement as well as the agreement by the distributors to stand in Breckenridge's place if Breckenridge is unable to pay. Every piece of discovery information that you need is obtainable from Breckenridge. I can't fathom why Runsdorf was ever mentioned in the first instance other than a personal dislike of the individual. I will assume that you oppose. Lou

**Louis F . Wagner**
Intellectual Property Law
50 S. Main Street
PO Box 1500
Akron , OH 44309-1500

Phone: 330-258-6453
Direct Fax: 330-252-5452
Toll Free: 1-800-686-2825

Email: LWagner@BDBLAW.com

View my Biography

Download my VCard

10/3/2006

**Buckingham, Doolittle & Burroughs, LLP**
Attorneys & Counselors at Law – www.bdblaw.com

**Privacy Notice**

---

**From:** Beaton, Glenn K. [mailto:GBeaton@gibsondunn.com]
**Sent:** Friday, September 15, 2006 1:52 PM
**To:** Louis Wagner
**Subject:** RE: meet & confer

I'm not sure of the rationale for dismissing or severing the other three defendants. Let me know your thinking, and I will consider. Glenn

---

**From:** Louis Wagner [mailto:LWagner@BDBLAW.com]
**Sent:** Friday, September 15, 2006 11:45 AM
**To:** Beaton, Glenn K.
**Cc:** Louis Wagner
**Subject:** meet & confer

Glenn:

Will you oppose a motion to sever and/or dismiss defendants Amerisourcebergen and/or McKesson and/or Runsdorf? Let me know by Monday. If I don't hear, I will assume that you oppose the motion.

I don't believe that I received your response regarding the motion to strike various paragraphs in your counterclaim. I have received your thoughts on the other two topics. Just trying to close the loop. Thanks. Lou

**Louis F . Wagner**
Intellectual Property Law
50 S. Main Street
PO Box 1500
Akron , OH 44309-1500

Phone: 330-258-6453
Direct Fax: 330-252-5452
Toll Free: 1-800-686-2825

Email: LWagner@BDBLAW.com

View my Biography

Download my VCard

**Buckingham, Doolittle & Burroughs, LLP**
Attorneys & Counselors at Law – www.bdblaw.com

**Privacy Notice**

=====================================================================

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

=====================================================================

EXHIBIT B

## Mueller, Kourtney

**From:**   Beaton, Glenn K.
**Sent:**   Friday, September 15, 2006 11:50 AM
**To:**   Louis Wagner
**Cc:**   Robert Pershes; Mark Skakun; Mueller, Kourtney
**Subject:** RE: Meet & Confer

Lou,

We believe these allegations are relevant to unclean hands and to showing a pattern of willful infringement of IP rights. We will oppose your motion.

Glenn

---

**From:** Louis Wagner [mailto:LWagner@BDBLAW.com]
**Sent:** Wednesday, September 13, 2006 11:33 AM
**To:** Beaton, Glenn K.
**Cc:** Louis Wagner; Robert Pershes; Mark Skakun
**Subject:** Meet & Confer

Glenn:

I am asking if you are willing to withdraw the following irrelevant paragraphs in Metabolite's Counterclaims and Complaint, namely:

(1)   the entirety of Affirmative Defense ¶5 (at page 10);
(2)   the entirety of ¶24-¶27 (at page 13); and
(3)   the entirety of ¶32-34 (at page 15).

If I do not hear back from you within a day, I will assume that you oppose and will file a motion to strike under Rule 12(f) representing to the Court that you oppose the relief being requested.  Thanks.  Lou

**Lou Wagner**
**Shareholder Patent Attorney**

Office:  (330) 258 6453
  Fax:  (330) 252 5452
LWagner@bdblaw.com

**Intellectual Property Practice Group**
Buckingham, Doolittle & Burroughs, LLP

10/3/2006

LEXSEE 2006 U.S. DIST. LEXIS 39208

**JOSHUA MCGLOTHAN, ON HIS OWN BEHALF AND OTHERS SIMILARLY SITUATED, Plaintiff, -vs- WALMART STORES, INC., Defendant.**

**Case No. 6:06-cv-94-Orl-28JGG**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

**2006 U.S. Dist. LEXIS 39208**

**June 14, 2006, Decided**

**COUNSEL:** [*1] For Joshua McGlothan, on his own behalf and others similarly situated, Plaintiff: Richard Bernard Celler, Celler Legal Group, Ft. Lauderdale, FL.

For Walmart Stores, Inc., a Foreign Corporation, Walmart Associates, Inc., a Foreign Corporation, Defendants: Tucker H. Byrd, Greenberg Traurig, P.A., Orlando, FL.

**JUDGES:** JAMES G. GLAZEBROOK, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** JAMES G. GLAZEBROOK

**OPINION:**

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION: MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** (Doc. No. 24)
> **FILED:** May 24, 2006
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

Plaintiff, Joshua McGlothan, sues Defendant Wal-Mart Stores on his own behalf and others similarly situated for alleged violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Specifically, Plaintiff's amended complaint alleges failure to pay overtime wages and retaliation for having brought this action. In response to Plaintiff's amended complaint,

Defendant asserts affirmative defenses including estoppel and unclean hands. At issue is Plaintiff's motion to strike [*2] those two affirmative defenses from the answer.

**I. THE LAW**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." It has been stated repeatedly that "[a] motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir. 1962); n1 *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); *Seibel v. Society Lease, Inc.,* 969 F. Supp. 713, 715 (M.D. Fla.1997); *Poston v. Am. President Lines Ltd.,* 452 F. Supp. 568, 570 (S.D. Fla.1978). Further, district courts have "broad discretion in disposing of motions to strike." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

> n1 Pursuant to *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), all decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court.

[*3]

Striking an affirmative defense is proper only when

Case 9:04-cv-80090-JIC   Document 141   Entered on FLSD Docket 10/11/2006   Page 20 of 21

Page 2
2006 U.S. Dist. LEXIS 39208, *3

the defense is insufficient as a matter of law. *Id.* "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which require "a short and plain statement" of the defense.

Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. Rather, the pleading "need only give fair notice of the . . . defense so that opposing parties may respond, undertake discovery and prepare for trial." WILLIAM W. SCHWARZER ET AL, FED. CIVIL PROCEDURE BEFORE TRIAL § 8:16(2005), *citing Conley v. Gibson*, 355 US 41, 47-48, 78 S.Ct. 99, 103, 2 L. Ed. 2d 80 (1957). Thus, for example, a statement that "[t]his claim is barred by the statute of limitations," gives fair notice of [*4] the defense and meets Rule 8 pleading requirements. *See Daingerfield Island Protective Soc. v. Babbitt*, 309 U.S. App. D.C. 186, 40 F.3d 442, 445 (D.C. Cir. 1994).

## II. ANALYSIS

Plaintiff makes three arguments in support of his motion to strike. First, he argues that the defense of estoppel is unavailable in FLSA claims as a matter of law. n2 Second, he argues that because his suit serves an important public purpose, the defense of unclean hands also is unavailable as a matter of law. Finally, Plaintiff argues that the affirmative defense of unclean hands must be stricken because it is nothing more than a conclusory allegation.

n2 Although Plaintiff identifies estoppel as Defendant's "Twentieth" affirmative defense and unclean hands as Defendant's "Twenty-First" affirmative defense, this is inaccurate as there was a numbering error in the answer. The Court discerns that numbers "20" and "21" correspond to paragraph numbers in the answer, and that the challenged defenses are the seventh and eighth affirmative defenses (although Defendant did not use headings to label the affirmative defenses).

[*5]

### A. Estoppel is a Valid Defense to an FLSA Claim

Defendant states a valid affirmative defense based on estoppel. Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). Although not perfectly phrased, Defendant's allegation "that the claims of the Plaintiff and some or all of any prospective plaintiffs are barred by the doctrines of estoppel and/or estoppel by silence, in that Plaintiff and some or all of any prospective plaintiffs failed to accurately reports hours allegedly worked and/or Defendant was unaware that Plaintiff and some or all of any prospective plaintiffs worked the hours claimed" satisfies notice pleading requirements and is sufficient to raise the affirmative defense of estoppel.

### B. Defendant States a Valid Defense Based on Unclean Hands

Plaintiff relies primarily upon *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995), [*6] for the proposition that the unclean hands defense is unavailable where a private suit serves an important public purpose. Plaintiff then argues that his suit to enforce the overtime provisions of the FLSA serves an important public purpose and, therefore, the affirmative defense should be stricken. Plaintiff, however, misapplies *McKennon* to the facts of this case.

In *McKennon*, the Supreme Court addressed the question of whether the victim of age discrimination should be barred from *all* relief when, after her discharge, the employer discovers evidence of wrongdoing that would have led to the employee's termination on lawful grounds. *Id.* at 354. In analyzing the issue, the Court recognized that employees who bring private law suits for age discrimination vindicate important policy objectives. *Id.* at 358. The Court found that these policy objectives would be thwarted "if after-acquired evidence of wrongdoing that would have resulted in termination operates, in every instance, to bar all relief for an earlier violation of the Act." *Id.* Although the Court recognized

2006 U.S. Dist. LEXIS 39208, *6

the general rule that the unclean hands defense has not been applied where [*7] Congress authorizes broad equitable relief to serve important national policies, it rejected this general rule as applied cases involving after-acquired evidence of misconduct. *Id.* at 360-61. Indeed, the Court directs that the employee's misconduct "must be taken into account [when formulating a remedy]. . . lest the employer's legitimate concerns be ignored." *Id.* at 361.

Although the defense of unclean hands is different from the defense of after-acquired evidence of wrongdoing, n3 both defenses serve the same general purpose -- to prevent a plaintiff from wrongfully profiting from misconduct. The Court need not now decide whether the doctrine of unclean hands bars all right to recovery in this case. The Court is persuaded that it should, at a minimum, take into account Plaintiff's alleged misconduct when analyzing remedies. The defense of unclean hands, therefore, is valid. Further, Defendant's allegation that the unclean hands was caused by Plaintiff's violation of company policies satisfies notice pleading requirements.

n3   To   establish   after-acquired evidence of wrongdoing, the employer must "establish that the wrongdoing was

of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon,* 513 U.S. at 362-62. The defense of unclean hands requires that: (1) the defendant demonstrate that the plaintiff's wrongdoing "is directly related to the claim against which it is asserted;" and (2) the defendant was personally injured by plaintiff's conduct. *Calloway v. Partners Nat'l Health Plans,* 986 F.2d 446, 450-51 (11th Cir. 1993).

[*8]

## CONCLUSION

For the above stated reasons, the Court **DENIES** Plaintiff's motion to strike the affirmative defenses of estoppel and unclean hands from Defendant's answer.

**DONE** and **ORDERED** in Orlando, Florida on June 14, 2006.

JAMES G. GLAZEBROOK

UNITED STATES MAGISTRATE JUDGE