UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80090-CIV-COHN

BRECKENRIDGE PHARMACEUTICAL, INC.,

Magistrate Judge Snow

    Plaintiff,

vs.

METABOLITE LABORATORIES, INC.,

    Defendants.
_____/

METABOLITE LABORATORIES, INC.,

    Counterclaim Plaintiff and Third-Party Plaintiff,

vs.

BRECKENRIDGE PHARMACEUTICAL, INC.,

    Counterclaim Defendant, and

FLORIDA BRECKENRIDGE, INC.
AMERISOURCEBERGEN CORPORATION,
McKESSON CORPORATION, and
LAURENCE RUNSDORF,

    Third-party Defendants.
_____/

**ORDER DENYING MOTIONS TO DISMISS THIRD PARTY COMPLAINT**
**ORDER GRANTING MOTION TO STRIKE, DENYING MOTION FOR SANCTIONS**

THIS CAUSE is before the Court upon the Third-party Defendants' Motions to Dismiss the Third-party Complaint [DE 152, 153, 154, 158], as well as Plaintiff and Third-Party Defendants' Motion to Strike and for Sanctions [DE 137]. The Court has carefully considered the motions, responses and replies thereto, and is otherwise fully advised in the premises.

I.  BACKGROUND

Breckenridge Pharmaceutical, Inc. ("Breckenridge" or "Plaintiff") filed this action for a declaratory judgment of non-infringement, tortious interference with business relationships, and unfair competition.  Breckenridge seeks this relief from the patent holder, Metabolite Laboratories, Inc. ("Metabolite"), and the licensee for the patents, Pamlab, L.L.C. ("Pamlab").  The two patents at issue in this case relate to the "method of treating or preventing elevated serum metabolite levels."  Amended Complaint, ¶ 15.  Through a license agreement with Metabolite, Pamlab manufactures and distributes a vitamin product known as FOLTX for treating or preventing serum metabolite levels.  Id., ¶ 16.  Breckenridge manufactures a similar product.

This dispute arose on or about January 13, 2004, when Metabolite sent 10-20 letters to vitamin distributors or retailers informing them of their vitamin-related patents and Pamlab's exclusive license.  The letter also stated that:

> one or more small generic drug companies are offering generic equivalents to FOLTX.  As that patent owner, Metabolite wanted to alert you to the patent coverage on FOLTX.  We would urge you to consult with your patent attorney before entering into any arrangements for the distribution, dispensing or substitution of these generic equivalents in place of a legitimate prescription or order for FOLTX.

See Exhibit A to Plaintiff's Response in Opposition to Defendant Metabolite's Motion to Dismiss Amended Complaint [DE 65] (hereinafter "Metabolite attorney letters").  Three (3) of these letters were sent to Florida businesses.  Id.  Breckenridge filed this lawsuit on January 29, 2004, within about eight (8) days of learning of these letters.

After Metabolite moved to dismiss the complaint based upon a lack of personal jurisdiction, the parties engaged in jurisdictional discovery.  After that period of time,

2

Breckenridge obtained a further extension to respond to the motion. Eventually, Breckenridge filed an Amended Complaint [DE 58]. After further motions, Metabolite moved to dismiss the amended complaint for lack of personal jurisdiction [DE 62]. This Court granted that motion and later stayed the case against Pamlab pending Breckenridge's appeal of the dismissal of Metabolite.

The United States Court of Appeals for the Federal Circuit later reversed this Court's dismissal of Metabolite. After the Court of Appeals' mandate issued, this Court reset the case for trial and directed Metabolite to respond to the Amended Complaint by July 6, 2006. Before Metabolite's answer to the Amended Complaint was due, Breckenridge filed a motion for leave to file a Second Amended Complaint. The Court granted that motion. The Second Amended Complaint includes claims for declaratory judgment of non-infringement, invalidity, patent unenforceability for inequitable conduct, tortious interference, and unfair competition relating to all three patents held by Metabolite [DE 109].[1] In response to the Second Amended Complaint, Metabolite also filed a counterclaim and third-party complaint against Florida Breckenridge, Inc., AmerisourceBergen Corp., McKesson Corp., and Laurence Runsdorf, the president and sole shareholder of Breckenridge, for infringement of Metabolite's patents.

Plaintiff and the Third-Party Defendants have moved to strike portions of the Counterclaim and Third-Party Complaint, and for sanctions against Metabolite and its counsel for inclusion of impertinent and scandalous allegations. Breckenridge has also moved to disqualify counsel for Metabolite and to compel his deposition. The Third-Party

---

[1] Pamlab, the licensee, was dismissed as a defendant on September 6, 2006, and the Court has closed out the related case filed by Florida Breckenridge, Case No. 04-81081-Civ-Cohn.

3

Defendants have moved to dismiss Metabolite's Third-Party Complaint. More recently, Breckenridge has moved to file a Third Amended Complaint to add Robert Allen, the President of Metabolite and inventor of the patents at issue.

## II.  DISCUSSION

### A.  Motion to Strike and for Sanctions

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Though disfavored in federal practice, a motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation. <u>Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co.</u>, 254 F.2d 569, 572 (5th Cir. 1958).[2]

In this case, Plaintiff and Third-Party Defendants ("Breckenridge" for purposes of this section of this Order) seek to strike irrelevant portions of Metabolite's Answer, Counterclaim and Third-Party Complaint.  In particular, Breckenridge seeks to strike Affirmative Defense ¶ 5; ¶¶ 24-27 and ¶¶32-34 of the Counterclaim and Third-Party Complaint.  If such relief is granted, Breckenridge seeks dismissal of the claims themselves for failure to state a claim without those allegations, as well as sanctions for

---

[2]  The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  <u>Bonner v. Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

including the scandalous material in the pleading.[3]

Affirmative Defense ¶5 states an unclean hands defense, based upon "its [Breckenridge] misrepresentations to this and other courts, its sale of adulterated pharmaceuticals, its sale of diluted cancer drugs, and its patter of willfully disregarding the intellectual property rights of others." Paragraphs 24-27 and 32-34 contain allegations of unsubstantiated newspaper reports of various persons not related to Breckenridge; civil claims of false representation of products; and the misconduct of attorneys not related to this case.

There are only a few published decisions regarding what is considered "scandalous" under Rule 12(f), other than it is an issue left to the discretion of the trial court. In Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988), the First Circuit Court concluded that use of the terms "concentration camp," "brainwash," and "torture," and a comparison to "Chinese communists in Korea," in a case alleging emotional damages resulting from an employer's resignation process should be stricken. The Court stated that these terms were "superfluous descriptions" and not substantive

---

[3] Metabolite argues that the motion to strike is untimely as it was filed more than twenty (20) days after the filing of the Counterclaim and Third-Party Complaint on August 24, 2006. The Motion to strike was filed September 19, 2006, twenty-six (26) days after Metabolite's pleading was filed. Breckenridge asserts in its reply that because the rule also gives the Court the initiative to strike such material "at any time," the twenty day rule is flexible. Metabolite also points out that as with Rule 12(b), a Rule 12(f) motion should be made prior to a party's response to a pleading. Breckenridge responded to the Counterclaim on September 13, 2006, prior to filing of the motion to strike, although its reply to the Counterclaim did specifically state that a motion to strike would be filed. The Third-Party Defendants did not respond prior to filing the motion to strike.
  The Court concludes that because of the added discretion and initiative granted to the Court in Rule 12(f), the Court will allow the motion to strike to be heard on its merits, given the only six-day delay in filing, and the reservation and reference in the reply of the forthcoming motion to strike.

elements of the cause of action.  Id.  In Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992), the Seventh Circuit concluded that the district court did not abuse its discretion in striking paragraphs in a complaint that alleged that defendants intentionally caused a salmonella outbreak, resulting in deaths and injuries to consumers, in order to deprive plaintiffs of their jobs at a dairy.  The Court stated that the district court's conclusion that these allegations were devoid of any factual basis was not an abuse of discretion.  Id.

In Florida, "a communication is 'defamatory' if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party."  LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 885 (Fla. Dist. Ct. App. 2003).  However, truth is "a defense to defamation when the truth has been coupled with good motive."  Id. at 886-887, *quoting* Lipsig v. Ramlawi, 760 So.2d 170, 183 (Fla. Dist. Ct. App. 2000).

Breckenridge asserts that the allegations in question are both not related to the issues raised by the affirmative defense, counterclaim or third-party claims, and are impertinent or scandalous.  Metabolite asserts that because the Second Amended Complaint raises the equitable claim of misconduct before the Patent Office, it has a right to plead equitable defenses such as unclean hands, and the various allegations of misconduct by Breckenridge.  The Court disagrees.

With respect to Affirmative Defense ¶ 5, the Court concludes that while Metabolite may plead that "Plaintiff's claims in equity are barred by unclean hands," the remaining portions of that paragraph are scandalous and likely irrelevant, causing harm to the

6

reputation of Plaintiff. Under a notice pleading format, Metabolite need not include the remaining portion of that paragraph to keep the Affirmative Defense in the case. At a later point in this action, the Court will need to decide whether the alleged behavior of Breckenridge in other matters separate and apart from the patent dispute in this case are admissible.

With respect to ¶¶ 24-27 and ¶¶32-34 of the Counterclaim and Third-Party Complaint, the use of such language in these paragraphs does not appear relevant to the causes of action alleged in the Complaint, and they are scandalous as to the reputation of Breckenridge. Moreover, these allegations are not necessary to support the counterclaim/third-party claim of infringement. Paragraphs 1-22 are sufficient to support such a claim. Despite the attempt by Metabolite to rationalize the relevancy of the information contained therein, the paragraphs at issue appear to be included solely to disparage Breckenridge and its principal, Laurence Runsdorf.

Therefore, the Court will utilize its discretion under Rule 12(f) and grant the motion to strike. However, the Court will not strike the first clause of Affirmative Defense ¶ 5, and will not dismiss any claims in the Counterclaim and Third-Party Complaint, as the allegations are sufficient to state a claim without the stricken paragraphs. The Court will also deny the motion for sanctions, as inclusion of these paragraphs does not rise to the level of sanctionable conduct.

### B.  Motions to Dismiss Third-Party Complaint

In their Motions to Dismiss, the Third-Party Defendants, Florida Breckenridge, AmerisourceBergen, McKesson, and Laurence Runsdorf, assert that Metabolite's Third-Party Complaint should be dismissed for failure to state a claim upon which relief may be

granted. It is long settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. Cramer v. Florida, 117 F.3d 1258, 1262 n. 8 (11th Cir. 1997); see also Marsh, 268 F.3d at 1023; Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir.1992).

     Florida Breckenridge moves to dismiss the Third-Party Complaint on the grounds that it merged with Breckenridge Pharmaceutical on November 4, 2005, and should no longer be named as a separate entity. The motion explains that at the time of the merger, Breckenridge Pharmaceutical, Inc. was merged into Florida Breckenridge, which then changed its name to Breckenridge Pharmaceutical. Those facts would indicate that during the time that alleged infringement took place, the entity then known as Florida Breckenridge and now known as Breckenridge Pharmaceutical was in existence and should remain a defendant in this case. Metabolite opposes the motion on the grounds that the merger and name change have created enough confusion to keep both defendants in the case at this time until liability, if any, are determined. This Court agrees. Though the companies merged in late 2005, damages could have accrued prior to the merger. Therefore, it could be potentially prejudicial to Metabolite if one entity is dismissed at this time, despite the present merger.

     AmerisourceBergen and McKesson, two distributors of Breckenridge's product, move to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of

8

Civil Procedure, or in the alternative, to stay pending resolution of the dispute between Metabolite and Breckenridge. The distributors assert that as they merely sell the allegedly infringing product, the real party in interest is Breckenridge, who can adequately defend the allegations. They also assert that as Metabolite is barred from double recovery, and Breckenridge can satisfy the judgment, the distributors are not necessary as third-party defendants. In addition, the distributors are indemnified by Breckenridge, and are not necessary witnesses as all documents are available from Breckenridge. In the alternative, the distributors seek a stay of the case against them, until liability in the dispute between Breckenridge and Metabolite is resolved.

Metabolite opposes the motion. Metabolite correctly asserts that just because remedies are available against one defendant is not a valid reason to dismiss claims against a co-defendant.[4] Metabolite also asserts that it could be prejudiced if the distributors are dismissed from the case and Breckenridge is financially unable to pay any judgment. Finally, Metabolite opposes a stay as such a stay could delay any recovery in the case.

The Court concludes that the distributors' motions to dismiss must be denied. Although Breckenridge is generally correct that infringement suits against manufacturers are preferred to those against distributors, when all such defendants are in the same lawsuit, there is no need to dismiss or stay the distributors. Secondly, an indemnification agreement is not akin to an immunity agreement that warrants dismissal. Metabolite has

---

[4] The Court also notes that a defense of failure to state a claim must be made prior to filing an Answer to those claims. In this case, Third-Party Defendants AmerisourceBergen [DE 150] and McKesson [DE 149] both filed Answers to the Third-Party Complaint at the same time as they filed motions. Thus, the motion to dismiss for failure to state a claim can be denied solely on this ground.

a right to join the distributors in the same lawsuit as Breckenridge. In this case, such joinder does not make this lawsuit more complicated. Ultimately, the infringement issue will be decided by this court in the main dispute between Breckenridge and Metabolite, and the result will govern the claims against the distributors. As such, there is no need to dismiss or stay the action against the distributors. Their motion is therefore denied.

Finally, turning to individual third-party defendant Runsdorf's Corrected Motion to Dismiss, the difficult issues of piercing the corporate veil and indirect infringement are involved. Runsdorf argues that all the actions he took were as an officer of Breckenridge, and therefore, he is held to a higher pleading standard for infringement. The parties dispute whether a higher pleading standard of knowledge is required for direct or indirect infringement.

The Court need not decide whether the pleading standard has been met in this case as Runsdorf has waived his Rule 12(b)(6) defense by filing an Answer to the Third-Party Complaint [DE 148]. While Rule 12(h) preserves that defense for his answer and for trial (and for summary judgment), a party cannot file an answer and also seek to dismiss under Rule 12(b)(6). "A motion making any of these defenses shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). Therefore, Runsdorf's motion to dismiss for failure to state a claim is denied as waived for purposes of the motion to dismiss. As for the alternative motion to stay, that motion is also denied, as such a stay would only delay resolution of this case.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Third-party Defendant Florida Breckenridge's Motion to Dismiss the Third-party

10

Complaint [DE 152] is hereby **DENIED**;

2. Third-party Defendant McKesson Corporation and AmerisourceBergen Corp.'s Motion to Dismiss the Third-party Complaint [DE 153] is hereby **DENIED**;

3. Third-party Defendant Laurence Runsdorf's Motion to Dismiss the Third-party Complaint [DE 154] is hereby **DENIED as moot**;

4. Third-party Defendant Laurence Runsdorf's Corrected Motion to Dismiss the Third-party Complaint [DE 158] is hereby **DENIED**;

5. Plaintiff and Third-Party Defendants' Motion to Strike [DE 137-1] is hereby **GRANTED**, in that all words after "unclean hands" in Affirmative Defense ¶ 5, as well as ¶¶ 24-27 and ¶¶32-34 of the Counterclaim and Third-Party Complaint are hereby **STRICKEN** from that pleading;

6. Plaintiff and Third-Party Defendants' Motion for Sanctions [DE 137-2] is hereby **DENIED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of January, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:

all counsel of record

11