UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80090-CIV-COHN

Magistrate Judge Snow

BRECKENRIDGE PHARMACEUTICAL, INC.,

    Plaintiff,

vs.

METABOLITE LABORATORIES, INC.,

    Defendants.
_____/

METABOLITE LABORATORIES, INC.,

    Counterclaim Plaintiff and Third-Party Plaintiff,

vs.

BRECKENRIDGE PHARMACEUTICAL, INC.,

    Counterclaim Defendant, and

FLORIDA BRECKENRIDGE, INC.
AMERISOURCEBERGEN CORPORATION,
McKESSON CORPORATION, and
LAURENCE RUNSDORF,

    Third-party Defendants.
_____/

**ORDER DENYING MOTION TO DISQUALIFY COUNSEL**

    THIS CAUSE is before the Court upon Breckenridge Pharmaceutical's Motion to Disqualify and to Compel Deposition of Counsel for Defendant Metabolite [DE 138], Third-Party Defendants' Motion to Join Motion to Disqualify [DE 144], Metabolite's Motion for Leave to File Sur-Reply [DE 147], and Plaintiff/Third-Party Defendants' Motion to File Sur-Sur-Reply [DE 162].  The Court has carefully considered the various filings and is otherwise fully advised in the premises.

## I.  BACKGROUND

Breckenridge Pharmaceutical, Inc. ("Breckenridge" or "Plaintiff") filed this action for a declaratory judgment of non-infringement, tortious interference with business relationships, and unfair competition on January 29, 2004, seeking relief from the patent holder, Metabolite Laboratories, Inc. ("Metabolite"), and the licensee for the patents, Pamlab, L.L.C. ("Pamlab").  Metabolite moved to dismiss the complaint based upon a lack of personal jurisdiction, in a motion filed on April 2, 2004 [DE 12], wherein Attorney Glenn K. Beaton of the law firm Gibson, Dunn and Crutcher first appeared in this case.  After the parties engaged in jurisdictional discovery, Breckenridge filed an Amended Complaint on August 18, 2004 [DE 58].  The Court later granted Metabolite's Motion to Dismiss for lack of personal jurisdiction [DE 70], however, the United States Court of Appeals for the Federal Circuit vacated that ruling and remanded the case [DE 100].  This Court reopened the case on June 12, 2006.

Plaintiff sought leave to file a Second Amended Complaint on June 30, 2006 [DE 124], while Metabolite moved to continue the trial.  The Court granted Plaintiff's motion on August 2, 2006 [DE 124], while agreeing to continue the trial until July of 2007 [DE 111].  On August 14, 2006, the Court dismissed Metabolite from the companion case brought by Plaintiff's related entity, Florida Breckenridge, Inc. [DE 52 in Case No. 04-81081-Civ-Cohn].  On August 24, 2006, Metabolite brought a Counterclaim against Plaintiff and a Third-Party Complaint against Florida Breckenridge, Plaintiff's principal, individual Laurence Runsdorf, and Plaintiff's indemnified distributors,

AmerisourceBergen Corp. and McKesson Corp.[1]

The Court recently denied Breckenridge's motion to amend to add Dr. Robert Allen as an individual defendant in this case.  Dr. Allen was the principal person (other than his Attorney, Glenn Beaton) responsible for prosecuting the patents at issue before the Patent & Trademark Office ("PTO"), and made decisions regarding what prior art to disclose to the PTO.  On September 19, 2006, Plaintiff filed the present motion to disqualify Glenn Beaton as counsel of record for Metabolite in this litigation because of his potential to be a witness in this action on issues concerning the alleged inequitable conduct during the patent prosecution process before the PTO.  In addition, Plaintiff seeks to compel Attorney Beaton's testimony in this case.

In similar litigation between these parties in the District of Colorado, currently stayed by agreement of the parties pending resolution of the present case, Plaintiff had moved to disqualify Attorney Glenn Beaton on September 22, 2005 and May 23, 2006.  See page 2 of Plaintiff's Motion to Disqualify.  Those motions were never decided by the Colorado court and those cases are now stayed.

## II.  DISCUSSION

Plaintiff asserts that because Attorney Beaton must have knowledge of the disclosure, or more importantly, non-disclosure, of certain prior art to the PTO due to his actions as the attorney prosecuting those patents obtained by Metabolite, then he is a necessary witness in this case.  Plaintiff asserts a claim of invalidity due to inequitable conduct for non-disclosure of prior art to the PTO.  Metabolite opposes the

---

[1] Pamlab, the licensee, settled with Plaintiff and was dismissed from this case on September 6, 2006.

3

motion on grounds that it is untimely and without merit under Florida law.

The parties agree that though the patent aspects of this case are governed by precedent of the United States Court of Appeals for the Federal Circuit, the Federal Circuit does apply regional circuit law on a procedural matter such as disqualification and/or deposition of counsel. The Eleventh Circuit Court of Appeals, though it has not published an opinion on the issue of disqualification or deposition of opposing counsel in patent litigation,[2] follows Florida law with regard to counsel conflict issues. In re Thompson, 2006 WL 1598112 (11th Cir. June 7, 2006).

### A. Disqualification of Counsel

Breckenridge bases its argument for disqualification upon application of Rule 4-3.7 of the Rules Regulating the Florida Bar, which states that "a lawyer shall not act as advocate at a trial in which the lawyer if likely to be a necessary witness of the client," except where the testimony relates to an uncontested issue, a matter of formality, the nature and value of legal services, or where "disqualification of the lawyer would work substantial hardship on the client." Breckenridge asserts that because Beaton was intimately involved in prosecuting Metabolite's patents through the process before the PTO, he must have critical knowledge of the decisions on what prior art was or was not disclosed to the PTO.[3]

---

[2] For discussion of the approaches taken within the Eighth, Third, Seventh and Second Circuits, see Scott Tolchinsky, Note, Current Development 2005-2006: Deposition of Opposing Counsel in Patent Litigation, 19 Geo. J. Legal Ethics 993 (Summer 2006), Exhibit 10 to Plaintiff's Motion to Disqualify.

[3] In a case involving evidence of the commencement of the one year on-sale bar period, the Federal Circuit stated that "Attorneys must conduct meaningful inquiries when the surrounding factual circumstances would cause a reasonable attorney to understand that relevant and questionable material information should be assessed."

Breckenridge cites the deposition testimony of Dr. Robert Allen, the primary inventor of the patents at issue, taken in the Colorado actions, that though Dr. Allen played a "major role" in deciding what to disclose to the PTO, that Attorney Beaton also played a role in those decisions. Deposition of Robert H. Allen, M.D. at p. 227, Exhibit 1 to Plaintiff's Motion. However, in his affidavit submitted in that case, Dr. Allen stated that he decided which pieces of prior art to disclose to the PTO in consultation with Attorney Beaton. Declaration of Robert H. Allen, M.D., ¶ 22, Exhibit 8 to Plaintiff's Motion. Dr. Allen further states in the declaration that Attorney Beaton did not have independent knowledge of any prior art apart from what Dr. Allen told him. Id. This affidavit testimony is not inherently inconsistent with the later deposition testimony, but rather explains that Attorney Beaton's role was as a consultant to Dr. Allen. Rollins v. TechSouth, Inc., 833 F.2d 1525, 1530 (11th Cir. 1987). On the record before the Court, while clearly Attorney Beaton was intimately involved in the patent prosecution process, he is not likely to be a necessary witness, as Dr. Allen is capable of testifying as to the matters disclosed or not disclosed to the PTO.

In addition to the present record not supporting the argument that Attorney Beaton is a necessary witness, Rule 4-3.7 of the Rules Regulating the Florida Bar has been recently interpreted by a Florida intermediate court of appeal to not apply to disqualify counsel when an opposing party seeks to call a lawyer as a witness. In AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So.2d 675, 677 (Fla. Dist. Ct. App. 2006), the court held that Rule 4-3.7 "is inapplicable" where a lawyer's testimony is sought by the opposing side. Rather, Rule 4-3.7 applies to a lawyer testifying on his

---

Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1385 (Fed. Cir. 2001).

client's behalf.  In this case, Metabolite is not seeking to have Beaton testify.  Rather, it is Breckenridge that is seeking to have Beaton testify.

As for Rules 4-1.7 and 4-1.9 regarding conflict of interest, there is no evidence that Attorney Beaton's testimony is adverse to his client, Metabolite.  Breckenridge asserts that the mere possibility that Attorney Beaton will somehow contradict Dr. Allen's testimony regarding disclosures to the PTO is a valid reason to disqualify Attorney Beaton, or his law firm.  Rule 4-1.7 requires a finding that the representation of the client will be directly adverse to the attorney.  No such finding can be made on the record before the Court.

The AlliedSignal decision also states that: "a requirement that a lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel."  934 So.2d at 680.  It is clear to the Court in this case that the motion to disqualify in this case should be denied on its merits under Florida law.

In addition to denying the motion on its merits, the Court also denies the motion as being the product of undue delay.  The motion was first filed in this case over two and one-half years after the case was filed, and over one year after the issue was litigated (albeit without resolution) in the District of Colorado.  The motion was first filed in Colorado eighteen months after the case was first filed in this Court.  Finally, the motion was filed in this case three full months after the Court reopened the case following remand from the Federal Circuit.  Breckenridge should have filed this motion much earlier in the litigation.  Disqualification is "an extraordinary remedy to be used sparingly."  AlliedSignal, 934 So.2d at 678.  Breckenridge has failed to exercise due

6

diligence in filing its motion for disqualification in this case. As described above, even if filed timely, the motion is denied on its merits as well.

### B. Deposition of Attorney Beaton

Although the Eleventh Circuit has not directly ruled on the issue regarding deposition of counsel in patent cases, other Circuits have set certain standards for evaluating a motion to compel deposition of counsel. One line of cases starts with the Eighth Circuit's decision:

> In *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir. 1986), the Eighth Circuit held that deposing opposing counsel "should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton,* 805 F.2d at 1327 (citations omitted).

Alcon Laboratories, Inc. v. Pharmacia Corp., 225 F.Supp.2d 340, 342 (S.D.N.Y. 2002).

At this point of the case, Breckenridge has not shown that no other means exists to obtain information regarding disclosures or non-disclosures to the PTO. Rather, the record indicates that Attorney Beaton does not have any knowledge beyond the knowledge of Dr. Robert Allen. Thus, the Court will deny the motion to compel without prejudice at this time.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Breckenridge Pharmaceutical's Motion to Disqualify [DE 138] is hereby **DENIED**;

2. Breckenridge Pharmaceutical's Motion to Compel Deposition of Counsel for Defendant Metabolite is hereby **DENIED**, without prejudice [DE 138];

3. Third-Party Defendants' Motion to Join Motion to Disqualify [DE 144] is hereby **GRANTED**;

4. Metabolite's Motion for Leave to File Sur-Reply [DE 147] and Plaintiff/Third-Party Defendants' Motion to File Sur-Sur-Reply [DE 162] are hereby **GRANTED** by default for lack of opposition.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of February, 2007.

JAMES I. COHN
United States District Judge

copies to:

all counsel of record